WILLIAM WHEATLEY v. CHARLES WALDO.

*Motion.   New Trial.   Usury.*

In order to entitle the Supreme Court to revise the action of the county court upon a motion to set aside a verdict, it should, at least, clearly appear that the judgment was affected with error, on account of a mistake of the jury, of which it was the legal duty of the county court to take notice, and for which it was the legal duty of that court to set aside the verdict.

The action under the statute, (Gen. Stat. ch. 79, sec. 4,) for the recovery back of usurious interest, is remedial and not penal; and the same rule of evidence would apply in this action as in other civil actions.

The payment of a claim, on account of being sued on it, at any stage before final judgment and execution, is regarded as *voluntary*.

A *voluntary* payment of usury does not preclude the party making it from recovering it back, in a suit brought by himself for that purpose. (Gen. Stat. ch. 79, sec. 4).

ASSUMPSIT, for money had and received. Trial by jury, January Term, 1863, PECK, J. presiding. The plaintiff hired of the defendant $1000, for which he gave five two hundred dollar notes and one sixty dollar note, and claimed on the trial that the sixty dollar note was given as a bonus and as usurious interest on the loan.

The defendant introduced evidence tending to prove that he refused several times when applied to by the plaintiff to loan him the thousand dollars, and that he had to spend some time in raising the money, and had to borrow a part of it, and also had to take money in his hands in trust as administrator on the estate of a Mr. Lougee, and that the sixty dollar note was given to pay him for his time and trouble in raising the money, and for the risk in taking the trust money for this purpose; that they afterwards had deal together, and the plaintiff gave him a new note for about $87, which included the sixty dollar note and the balance due him on their deal; that the plaintiff afterwards paid a part of this, and gave another note of $37 for the balance due on this eighty-seven dollar note; that he finally sued the plaintiff for the thirty-seven dollar note, and attached his property, but before the return day of the writ, the plaintiff settled the suit by paying the amount of the note and costs.

The defendant requested the court to charge the jury 1. that if they should find that this sixty dollars was paid to Mr. Waldo by Mr. Wheatley to compensate him for his trouble and liability in loaning one thousand dollars to Mr. Wheatley, which Mr. Waldo happened to have on hand, but which did not belong to him, that such payment could not constitute usury.

2. That the payment of a bonus to Mr. Waldo by Mr. Wheatley to induce him to go and borrow or hire money to loan to Mr. Wheatley, would not constitute usury.

3. That if defendant received the sixty dollars of plaintiff as

a bonus to compensate him for trouble of borrowing a part of the money, and to compensate him for the trouble of raising the money for the estate of Mr. Lougee, when he should be called on to settle his administrative accounts, it would not be usury.

4. That if the plaintiff paid this sixty dollars to the defendant after suit commenced and his property had been attached, it was not a voluntary payment, and cannot be recovered back.

5. That if a part of the sixty dollars had been previously paid voluntarily, still if he afterwards paid the balance upon compulsory process, he cannot maintain this action to recover any part as the original contract and *assumpsit* on which the sixty dollars was agreed to be paid, was an entire contract and not capable of being divided, and when sued the whole matter of said contract should have been litigated in that suit.

6. That being in the nature of a penal action, it required full proof, as in criminal cases, to entitle the plaintiff to recover.

No exception was taken by the defendant's counsel to the charge nor to a refusal or neglect to charge as requested, except as to the 4th, 5th and 6th requests, but as to the 4th and 5th requests, the court decided, that if the $37 note was sued and the defendant's property attached, and the suit settled, and the debt and costs paid before judgment or return day of the writ, as defendant's evidence tended to prove, the effect was the same as to plaintiff's right to recover as if it had been paid without suit, and so instructed the jury.

As to the 6th request, the court charged the jury that the rule of evidence in criminal cases did not apply to this case, that the rule applicable to this case, was the same as in other civil actions.

The defendant excepted to the charge as to the 4th, 5th and 6th requests.

The jury returned a verdict for the plaintiff for the full amount of the $60, and the interest on the same from the date of the transaction to the term of the trial.

The defendant moved the court to set aside the verdict and award a *venire de novo* for the reason that the verdict was against the evidence, and for the reason that the jury mistook the charge of the court, understanding the court, that if they found for the

plaintiff, they must give him the whole sixty dollars and interest from the date of the transaction, and read the affidavits of two of the jurors who tried the case, which tended to substantiate the facts set forth in the motion.

The court found the facts sworn to in said affidavits, so far as the affidavits state the understanding of the witnesses, to be true, but refused to set aside the verdict,—to which the defendant also excepted.

*P. Perrin* and *Hebard,* for the defendant.

A judgment or a decree in chancery merges the cause of action on which the same is founded, and purges usury as well as other defences which might have been pleaded therein. *Steward* v. *Downer,* 8 Vt. 320; *Flint* v. *Shelden,* 13 Mass. 443; *Adams* v. *Barnes,* 17 Mass. 365; *Thatcher* v. *Gammond,* 12 Mass. 268.

A payment after suit brought, wherein the defendant has a full opportunity to plead and defend, has the same effect in law as a judgment, and the money paid cannot be recovered back in assumpsit. *Marriott* v. *Hampton,* 7 T. Rep. 265; *Brown* v. *McKinally,* 1 Esp. 279; *Harris* v. *Lloyd,* 5 Mees. & Welsb. 432; *Kent* v. *Atkinson,* 6 Camp. 63; *Gower* v. *Popkin,* 2 Starkie 8; *Knibbs* v. *Hall,* 1 Esp. 84; *Fisher* v. *Samuda,* 1 Camp. 190; *Skeate* v. *Beale,* 11 A. & E. 294; *Bentley* v. *Morse,* 14 Johns. 468; *Forbes* v. *Appleton,* 5 Cush. 115; *Benson* v. *Monroe,* 7 Cush. 125; 4 Adol. & Ellis 858; 6 Nev. & Man. 324; *McDowell* v. *McDowell,* 1 Baileys Eq. Rep. 224; also *Thompkins* v. *Barrett,* 1 Salkeld 22, which was for money paid upon an usurious contract.

Suppose this to be treated as a voluntary payment, then it cannot be recovered back, and for this see *Boston and Sandwich Glass Company* v. *Boston,* 4 Met. pp. 182 and 183, and *Brisbane* v. *Ducres,* 5 Taunt. 152.

The distinction between contracts *mala in se* and *mala prohibita* is now denied. *Farmer* v. *Russell,* 1 Bos. & Pul. 296; *Aubert* v. *Maze,* 2 Bos. & Pul. 371; *Clark* v. *Shee,* Cowper 197; *Mitchell* v. *Cockburn,* 2 H. Black. 379.

Wheatley *v*. Waldo.

*Hutchinson* and *Rowell*, for the plaintiff, cited *Houghton* v. *Slack*, 10 Vt. 520 ; and *Minkler* v. *Estate of same*, 16 Vt. 193, upon the point that the decision of the county court upon the motion for a new trial is not subject to revision in the supreme court upon a bill of exceptions.

BARRETT, J. In order to entitle this court to revise the action of the county court upon the motion to set aside the verdict, it should, at least, clearly appear that the judgment is affected with error, on account of a mistake of the jury, of which it was the legal duty of the county court to take notice, and for which it was the legal duty of that court to set the verdict aside.

The rule of damages was the proper subject of charge to the jury, and perhaps may be regarded as involved in some or all of the first three requests for a charge.

What was in fact the charge of the court on that subject does not appear from the case as it is before us, and for aught that appears it may have been that the plaintiff was entitled to recover the $60. with interest. If so, then the jury did not mistake the charge. If they did not mistake it, then of course, as no exception was taken to the charge in this respect, there was no ground for disturbing the verdict either for mistake of the jury, or for error in the charge.

The motion, as depending on the alleged mistake of the jury, must stand before the county court upon the evidence addressed to that court, tending to show such mistake,—and whether such a mistake had been made, was a question of fact, depending upon what the charge was,—which was known to the court, and how it was understood by the jury, as shown by the proof.

Of the evidence on this matter of fact the county court were the sole judges, and their result in respect thereunto cannot be revised here. The exception in this respect must stand on the 4th and 5th causes assigned in the motion.

As the case fails wholly to show that those causes were sustained as matter of fact, and found by the county court, it is clear that we have no sufficient ground for saying that that court committed any revisable error in denying the motion.

But it is proper further to say that we should hesitate long before we should establish the precedent, or give countenance to the idea, by a decision of the supreme court, that upon the fact alleged, and even proved, that the jury mistook the charge, and by reason thereof, rendered a different verdict from what they would have rendered if they had not mistaken it, the verdict, as matter of law, is to be set aside on motion made to the court that tried the case.

It is quite obvious to all who are conversant with courts, either as judges or lawyers, that a new and prolific means for assaulting verdicts would be opened; and many a lawful verdict would thus be imperilled on account either of the stupidity or duplicity of men, who often are less fit for jurymen than for other less responsible positions.

It is clear that this subject should be left to the discretion of the county court, where the case is tried and all its circumstances and incidents are known and can be appreciated.

Exception was taken to the refusal of the court to hold that the rule of evidence in penal actions was the proper rule in this case.

This action is not to recover a penalty or forfeiture, but only money that the one who receives and holds has no lawful right to receive and hold; the receiving of which is regarded as wrongful, as being against the prohibition of the statute and therefore *tortuous*.

This action, under our present statute, is given to the party who pays the usury,—but it has ever been regarded in this State as remedial and not penal—as was said by Judge Prentiss, in *Hubbell* v. *Gale*, 3 Vt. 266.

Whatever has since been said or held by the court in subsequent cases, as to the character of the act of taking usury, and the remedy given for its recovery, or of the right of the person alone who pays it to recover or re-claim it, has in no sense been intended to characterize the action for its recovery under the statute as penal, but simply to develope the reason why the remedy was confined to the party paying, and to the form of action given by the statute.

There was no error then in this respect.

The remaining questions arise upon the 4th and 5th requests of the defendant's counsel for a charge, and the charge as given in respect thereto.

It is well settled as a principle of the common law, that payments voluntarily made by a party knowing all the facts, cannot be recovered back—however unjust the claim on which it was paid. It is equally well settled that a party to a suit, in which he either has actually litigated, or properly might have litigated, by way of defence, the matter of claim on which said suit was predicated, is concluded by the judgment from thereafter opening said matter by a fresh suit in his own favor.

Again, it is well settled that a party who makes payment upon compulsory process under protest, may recover back such payment by suit, in case it was unlawful to compel such payment. But it is well understood and fully shown by the cases, that *compulsory process* in this respect is such as warrants the party holding it, by virtue of its precept, to *compel the payment*, by levy or distress, in case the other party neglects or refuses to satisfy it without such levy or distress—such as execution upon a judgment in the hands of an officer, or tax bill and warrant in the hands of a collector. Any thing short of this is not regarded as *payment compelled* by process, unless when *mesne process* against the body might be used as an instrument of *actual duress* to extort satisfaction of an unlawful claim.

The payment of a claim, on account of being sued on it, at any stage before final judgment and execution, is regarded *voluntary*, and, if made with full knowledge of the facts, cannot be recovered back any more than if it had been made on demand, without suit. These propositions are fully sustained by the numerous authorities that have been cited in the argument by the defendant's counsel.

The payment made by the plaintiff in this case must then be regarded as voluntary, as well as that which he made after he was sued on the $37. note as what he had paid before ; and so if the plaintiff's right of recovery in this case stands on the doctrine and principles of the common law, he would not be entitled to

maintain his suit for the usury paid to the defendant. But it is insisted that he should have permitted the suit to have gone on, that was brought against him, and have availed himself of his rights in respect to the usury paid by him in defence to that suit. No case has been cited, and we think none exists, to support this view. The cases which are relied on in this respect, go only on the ground that payments made upon claims put in suit before proceeding to judgment, are voluntary payments, and so, on common principles, could not be the subject of a recovery back in a suit by the person making them,—or on the ground that the pending suit proceeded to judgment, and the judgment was conclusive upon the matter, for the reason that it was the right and the duty of the party to have brought it forward in defence.

The suit in question having been settled before judgment, and before it was entered in court, of course, concluded nothing as by a judgment; so that the judgment made must be regarded as standing, for its legal effect, upon the rights of the parties, simply on the ground of its being a *voluntary payment*.

It only remains to enquire then, whether a voluntary payment of usury, precludes the party making it from recovering it back in a suit brought by himself for that purpose.

To answer this it is only necessary to refer to the Statute, which specifically provides that it may be recovered back by this form of action; and thus takes actions for this purpose out of the operation of the common law rule as to the effect of voluntary payments upon the party's right to recover them back.

It falls within the same rule and reason as the numerous cases in the books for the recovery of usury paid—in all which the payments have been voluntary—and for which the Statute, in terms, provides.

The judgment is affirmed.