Hon. JOHN PIERPOINT,
Hon. LOYAL C. KELLOGG, } Assistant Judges.
Hon. ASAHEL PECK,

---

## ISAAC TAGGART v. LUTHER RICE.

*Promissory Note.   Consideration.   Payment.   Counter-claim.*

The plaintiff's evidence tended to prove that, upon the defendant's request the plaintiff received of the defendant two notes against the defendant's son, and $100. to be paid to a creditor of the defendant's son, and gave his note to the defendant for the amount of the two notes and the $100., after deducting $30. which the defendant owed the plaintiff for a colt; that this was done upon the repeated assurance of the defendant that the plaintiff should not lose by the transaction; that the defendant promised the plaintiff not to call on him for payment until he should have collected it of the son; that the plaintiff made a small payment on said note, and then took it up by giving a new note for the balance payable on demand; that the defendant transferred the new note to R. who called on the plaintiff for payment, and he paid the amount without attempting to defend against it. *Held,* that the plaintiff's evidence did not show a case of voluntary payment of a note legally invalid for want of consideration.

Instead of the plaintiff's evidence making a case of no consideration in the note, it was a case of an independent counter-claim on the part of the plaintiff against the defendant, and as such the plaintiff was not bound to set it up in defence, or lose it.

ASSUMPSIT. The declaration contained a special count covering the whole cause of action, and the common counts. Plea, the general issue. Trial by jury, December Term, 1862, BARRETT, J., presiding.

The special count and the plaintiff's evidence, together with a claim of the defendant's counsel upon the trial, and the charge in respect thereto, are substantially set forth in the opinion of the court.

Verdict for the plaintiff. Exceptions by the defendant.

*Washburn & Marsh*, for the defendant, maintained that the plaintiff could have successfully resisted payment of the note to the defendant on the ground of the want of consideration, and having voluntarily paid the same, he cannot recover back the same money in this suit; and that the court should have charged as requested, and that the charge as given was erroneous; and cited upon the point that there was no consideration, *Mills* v. *Wyman*, 3 Pick. 207; 1 Pars. on Cont. 356–7–8–9, and note *h*; *Burnet* v. *Bisco*, 4 Johnson 235; *Geer* v. *Archer*, 2 Barb. 420; and upon the point that the money paid voluntarily cannot be recovered back in this action, *Stevens* v. *Head*, 9 Vt. 174.

*A. P. Hunton*, for the plaintiff, maintained that there was no error in the charge of the court 'of which the defendant has reason to complain; that there was no infirmity in the note for want or failure of consideration; that the plaintiff could not have defended against the note on the ground that the defendant had promised not to call on him for payment until after his son had paid the plaintiff, because the note was conclusive as to the time when it fell due; that the plaintiff was not obliged to defend on the ground of avoiding circuity of action, because if he had succeded on the first note, he would still have had a cause of action for the price of the colt, and on the second, for the price of the colt and the amount paid on the first note; and that if the court should hold that there was no consideration for the note, then the plaintiff can recover on the common counts.

POLAND, Ch. J. The defendant's request to the court, and the charge thereon to which exception is taken, are based upon the assumption that the facts are all found by the jury, which the plaintiff's evidence tended to prove.

The defendant held two notes against his son, B. F. Rice, of about

Taggart v. Rice.

$96., and his son was also indebted to Chester Baxter in the sum of $100., which the defendant for some reason desired to have paid and for which he was willing to advance the money, but was not willing to accept his son as debtor for the amount, believing or professing to believe that his son would be more likely to repay the amount to some other person than to him. The defendant therefore applied to the plaintiff, and requested him to take the two notes against his son, and one hundred dollars in money to pay to Baxter, and give his note to the defendant for the amount of both notes and money, deducting the sum of thirty dollars which the defendant owed the plaintiff for a colt. The plaintiff does not seem to have expected that he could in any way be the gainer by entering into such arrangement, and hesitated as to accepting the offer, fearing that he should lose the amount for which he thus made himself liable, but upon the defendant's repeated assurance that he would not and should not lose it, he finally consented to do as the plaintiff requested. Accordingly he took from the defendant the two notes against his son, and the hundred dollars to pay to Baxter, and gave his own note to the defendant for the amount, deducting thirty dollars due him from the defendant for the colt. The fair tendency and meaning of the plaintiff's testimony as to the transaction between the parties is, that the plaintiff really became the purchaser and owner of the two notes against the son, and also the creditor óf the son for the hundred dollars paid to Baxter, and that these amounts when paid by the son, if paid at all, were to be paid to the plaintiff. In this view there was ample consideration for the note which the plaintiff executed to the defendant. It was a purchase of the son's two notes of the defendant, and a loan of money by the defendant to the plaintiff to pay or take up the son's note to Baxter. The plaintiff's evidence tended to prove that when the original note was given, and also when that was exchanged, and another given for the balance still unpaid, the defendant promised the plaintiff that he would not call on him for payment until he should have collected it out of the son. The parties seem to have treated the plaintiff's note to the defendant as a valid and real obligation against the plaintiff, as his own debt against the defendant was turned in to reduce it, and he made a payment upon it to the defendant before the first note was exchanged for the second. The reliance of

the plaintiff for his security and safety in the transaction was upon the defendant's assurance, that if he would comply with his request, and enter into the arrangement, which the defendant hoped would induce his son to make payment, he should not lose by it; in substance, a guaranty that the son should pay the claims that the plaintiff held against him, and also upon the defendant's assurance that he would not call for payment on the plaintiff's note until the plaintiff had collected the amount of the son. This agreement or promise of the defendant was upon ample consideration, as the plaintiff entered into the arrangement and gave his note at the request and for the sole benefit of the defendant. But before the plaintiff did or could collect anything of the son, the defendant transferred the plaintiff's note to Rogers, who called on the plaintiff for payment, and he did pay the amount without attempting to defend against it. The defendant's counsel claimed that if these facts were found, the note given by the plaintiff was without legal consideration, and that therefore when the plaintiff was called upon to pay it, he should have asserted his defence on that ground, and that not having done so, his payment was a voluntary one, and therefore he could maintain no action to recover back the amount so paid. The court told the jury that if the plaintiff made the payments voluntarily, without protest or objection, he could not recover them back in this suit, but that if the payments were made under protest and objection, and because payment was insisted on, and to avoid being sued, then he could recover. This is not the whole, but the substance of the charge.

The important enquiry is, whether the defendant was entitled to have the jury instructed that the plaintiff's evidence showed the plaintiff's note invalid for want of consideration, and that he might have successfully defended against it on that ground, so as to make it a case of voluntary payment of an unfounded claim in law. If the court below acceded to this view when they ought not to, and then allowed the plaintiff to avoid it, by proof of his making payment under protest, which would be no answer if the view were a sound one, it is no error for which the judgment should be reversed. It was only granting to the defendant more than he was entitled to, and putting the jury to find a fact proved by the plaintiff, which he was not bound to prove.

Taggart v. Rice.

As already intimated, we think the note was not invalid for want of consideration; that the result of the arrangement was to make the plaintiff the real purchaser and owner of the debts against the son, and that the real claim of the plaintiff against the defendant was upon his assurance or guaranty that the the son should pay the amount of his liabilities to the plaintiff, and his agreement not to call for payment on the plaintiff's note until the son should make such payment. Instead of the plaintiff's evidence making a case of no consideration in the note, it was a case of an independent counter-claim on the part of the plaintiff against the defendant. Whether this could in any way have been successfully urged as a defence to the note, it is not necessary to determine; as a counter-claim, the plaintiff was not bound to set it up in defence or lose it.

The agreement not to call for payment on the note till the plaintiff should have collected the amount of the defendant's son, could not of course have been set up, because that would as a defence to the note, have been an attempt to vary the terms of the note by parol.

The note, when paid, did not represent the full amount of the plaintiff's claim; if entitled to recover at all, he was entitled to the thirty dollars originally deducted, which the defendant then owed to the plaintiff, and the fact that the note had been negotiated by the defendant to a third person, might have seriously interfered with the defence if attempted.

We are therefore of opinion that the plaintiff's evidence did not show a case of voluntary payment of a note legally invalid for want of consideration, and therefore that the defendant was not entitled to the instruction claimed of the court. We understand that where a party pays money which he is under no legal obligation to pay, with full knowledge of the facts, he cannot recover it back, and though legal proceedings are threatened, or even commenced, to enforce payment, if they are bona fide, and no undue advantage is taken of the situation of the defendant, and thereby the party is induced to make the payment, this does not prevent the payment from being in a legal sense voluntary. And where payment is thus voluntarily made, it amounts nothing to make it under protest or objection. But the case does not really reach this question.

If any question could have been made as to whether the case

proved was just that declared on; or whether parol evidence was admissible to prove the claim set up; or whether the undertaking of the defendant was not of a character required by the statute of frauds to be in writing in order to be legally enforceable; it is sufficient to say they were not made in the court below, and therefore cannot be made here. The county court correctly refused the instruction requested, and as we regard that as really the only essential point, and as substantial justice appears to have been done in the case, the judgment is affirmed.