SHELTON *v.* THE STATE, EX REL. THE BOARD OF COM-
MISSIONERS OF MORGAN CO. ET AL.

OFFICE AND OFFICER.—*Profit Derived by Officer from Public Money in his Custody.*—In this State, a public officer, as a county treasurer, who has received public money, with the custody of which he is charged by virtue of his office, in the absence of a statute providing that the ownership of the specific money shall remain in the public, is not, like a trustee or an agent, the mere bailee or custodian of such money, but it becomes his own money, and he can only be required to account for it and pay it over as provided by law and by the terms of his official bond, and cannot be required to account for and pay over amounts collected or received by him as interest on such money loaned to or deposited with a bank.

From the Morgan Circuit Court.

*C. F. McNutt*, *G. W. Grubbs*, *G. H. Chapman*, *U. J. Hammond* and *J. J. Hawes*, for appellant.

*W. R. Harrison* and *W. S. Shirley*, for appellees.

DOWNEY, C. J.—Action by and judgment for the appellees against the appellant. Two errors are properly assigned in this court. The first is the overruling of the demurrer of the defendant to the complaint, and the second, overruling the motion of the defendant for a new trial.

In the complaint, it is alleged, in substance, that on the 6th day of August, 1865, the defendant became and was the duly qualified treasurer of Morgan county, and continued to hold that office and to discharge the duties thereof, until the 6th day of August, 1871, during which time he had in his hands large sums of the public moneys of said county, being all the public moneys and funds of the county; that he deposited such funds in and with the First National Bank, in Martinsville, in said county, and received from said bank interest, profit and income for and upon the same, and for the use and deposit thereof, for and during the time aforesaid, two thousand one hundred and forty-one dollars and ninety-seven cents, a bill of particulars of which is filed, and which he converted to his own use; that the defendant ceased to be such treasurer on the said 6th day of August,

1871, his successor therein having been duly elected and installed; yet the defendant has failed and refused to pay to his successor, etc., said sum so received for interest and profits on said money of the county, except, etc., leaving balance due one thousand six hundred and eighty-six dollars, the amount paid being the sum received by him after the passage of the fee and salary law of 1871. Wherefore, etc.

Following the complaint in the record is this agreement:

"I, Joseph R. Shelton, the within named defendant, hereby waive the issue and service of process on me in said action, and enter my appearance thereto. I further waive all objection to the form of the action, and that the same is not on my official bond, said action being brought in this form, and not on my bond, but against me alone, by agreement, at my instance, the object being to have determined, in the most direct and least expensive mode, whether I am liable for interest received by me on deposits of money in my hands, while acting treasurer of said county of Morgan. I reserve the right to demur to the complaint, on the ground that the facts stated do not make a cause of action against me, and, upon proper answer, to defend said action on its merits.        J. R. SHELTON."

"February 5th, 1872."

Any further statement of the facts, to show how the question for decision is presented, is deemed unnecessary. The question is this: Is the defendant liable to pay over the amounts collected and received by him as interest, as aforesaid, on the public moneys which came to his hands, and which were by him loaned to and deposited with the bank? The question is argued, with their accustomed ability, by counsel on both sides.

It is claimed by counsel for the appellees, that the money in the hands of the treasurer was so far trust funds, and the treasurer so far in a fiduciary relation to the county, or as an agent of the county, that all the profits made by him from

Shelton *v.* The State, *ex rel.* The Board of Com'rs of Morgan Co. *et al.*

loans of the money followed the ownership of the principal fund, and belonged to the county.

Counsel for the appellant, on the contrary, contend that the appellant did not stand in any fiduciary relation to the county or its funds, nor did he occupy the position of an agent of the county, and, consequently, was not liable to account for such interest.

Counsel for appellees cite and rely on the following authorities:

*Docker* v. *Somes*, 8 Eng. Ch. 172; Story Agency, secs. 16, 207, 210, 306; Dunlap's Paley's Agency, 49; *Diplock* v. *Blackburn*, 3 Camp. 43; *Earl of Lonsdale* v. *Church*, 3 Bro. C. C. 41; *Massey* v. *Davies*, 2 Ves. Jr. 317; *Michoud* v. *Girod*, 4 How. U. S. 503; 1 G. & H. 641, secs. 7 and 8; *Utica, etc., Co.* v. *Lynch*, 11 Paige, 520; *Barney* v. *Saunders*, 16 How. U. S. 535; *U. S.* v. *Prescott*, 3 How. U. S. 578; and *U. S.* v. *Morgan*, 11 How. U. S. 154.

Counsel for appellant cite the following authorities upon the main point:

2 Spence Eq. Jur. 917; 2 Story Eq. secs. 1268, 1272, 1273; *Brice* v. *Stokes*, 2 Lead. Cas. Eq., 4th ed., 1742, *et seq.*; *Supervisors, etc.,* v. *Dorr*, 25 Wend. 440; *Muzzy* v. *Shattuck*, 1 Den. 233; *Inhabitants, etc.,* v. *Hazzard*, 12 Cush. 112; *Inhabitants, etc.,* v. *Bell*, 9 Met. 499; *Commonwealth* v. *Comly*, 3 Penn. St. 372; *U. S.* v. *Prescott, supra; East India Co.* v. *Henchman*, 1 Ves. Jr., 287; *Massey* v. *Davies, supra; Beaumont* v. *Boultbee*, 7 Ves. 599; *Prevost* v. *Gratz*, Pet. C. C. 364; *Campbell* v. *Penn. Life Ins. Co.*, 2 Whart. 53; *Bartholomew* v. *Leech*, 7 Watts, 472; *Michoud* v. *Girod, supra; Barney* v. *Saunders, supra; Diplock* v. *Blackburn, supra; Newton* v. *Bennet*, 1 Bro. C. C. 359; *Perkins* v. *Bayntun*, 1 Bro. C. C. 375; *Foster* v. *Foster*, 2 Bro. C. C. 617; *Treves* v. *Townshend*, 1 Bro. C. C. 384; *Brown* v. *Litton*, 1 P. Wms. 140; *Ratcliffe* v. *Graves*, 1 Vern. 196; *Lee* v. *Lee*, 2 Vern. 548; *Hicks* v. *Hicks*, 3 Atk. 274; *Earl of Lonsdale* v. *Church, supra; Chedworth* v. *Edwards*, 8 Ves. 47.

We cannot, in this opinion, examine specially all these authorities. None of them relate to the case where a public officer having the custody of money has made a profit by loaning it to or depositing it with another person or with a corporation; but they are cases where a trustee or an agent has made a profit by using, loaning or depositing the money of his *cestui que trust* or principal. We have not been referred to, nor have we found any case where the rule has been applied to a public officer. In this State, the rule of liability of officers charged with the custody of public mon : eys is very strict. They have been held to almost, if not quite, the same degree of liability as if they were insurers of the safety of the money, and no degree of diligence or care has shielded them from such liability in case of its loss. This could not be held, according to well settled principles of law, if the officer was only the agent of the county, or the custodian of the money, the ownership of the specific money being in the county. If the specific money remains the property of the county, then the officer could not, with any propriety, be held liable for its loss, unless such loss accrued through his negligence. But such has not been held to be the measure of his liability. The liability has been held to grow out of the unconditional and unlimited engagement which the officer assumes in giving his official bond and taking upon himself the duties and responsibilities of the office. It is probably the correct rule, that when the officer has complied with the terms of his official bond, by keeping the money safely during the term of his office, by paying it out when legally required during his term, or accounting for and paying the same over to the proper person or authority at the expiration of his term, he has done all that the law and the terms of his bond require of him. He is not, like a trustee or an agent, the mere bailee or custodian of the money in his hands. The money which he receives becomes his own money, and when he has accounted as required by law and by the terms of his bond, nothing further can be required of him. *Rock* v. *Stinger*, 36 Ind.

346.    If the legislature has provided, or shall provide, that money, in such case, shall remain specifically the money of the county, a different rule would prevail.   No such regulation is found applicable to the money from which the profits were derived, that are in question in this case.

The judgment is reversed, with costs, and the cause remanded.