## ROYAL BURNHAM *v.* TOWN OF STRAFFORD.

*Voluntary Payment.   Town Order.   Evidence.   Assumpsit.  Selectmen.*

The plaintiff's evidence *tended to prove* that he, being one of the selectmen of the town of Strafford, borrowed $300 of a certain person, gave a town order therefor, signing it himself and the names of the other selectmen, and paid the money to the town treasurer; that $10 had been paid on the order as interest, and that the order had been *accepted ;* that differences having arisen, the other selectmen denying his authority to sign their names, the town, claiming that the money had never been paid to the treasurer, refused to pay the order; that, thereupon, he took the order and paid the money on it; and that he paid back the $10 *under protest,* when the town agent *threatened* him with a suit if he did not.   In an action of *general assumpsit,* the court ordered a verdict for the defendant.   *Held,* error.

1. It was the duty of the court to have *submitted the testimony to the jury if it fairly tended to show a legal right of recovery on any ground.*
2. The payment of the $10 was *voluntary,* and, therefore, cannot be recovered.  Law as to *voluntary payments,* stated.
3. While the plaintiff, after he knew that the town had refused to pay the order, could not take it up, and charge the town with having paid at its request, and, while a suit must be brought in the name of the payee in the order, it not being negotiable, yet, if he handed the money thus borrowed, over to the town treasurer and the same was received by him for the town, the law would imply a promise to pay.
4. *Child* v. *Morley,* 8 Term, 611, distinguished.

THIS case was tried at the June Term, 1880, POWERS, J., presiding.  Action, general assumpsit.  Trial by jury.  The court directed a verdict for the defendant on the plaintiff's testimony.  The evidence and facts are substantially set forth in the opinion of the court, except the following order :

The Treasurer of Strafford will pay Polly C. Bugbee three hundred dollars out of any money in the Treasury of said town, not otherwise appropriated, for money borrowed.             ROYAL BURNHAM,

April 9, 1871.                        CHARLES DAY,

ALBERT HILLIARD,

*Selectmen.*

*Clark & Austin* and *S. B. Hubbard,* for the plaintiff.

The rule as to voluntary payments and the reason for it, is well stated by Lord KENYON, in *Exall* v. *Partridge,* 8 Term, 309.

The selectmen are the financial agents of the town, and have a right to borrow money. *Thayer* v. *Lyman*, 35 Vt. 647. They can pledge the credit of the town. Then plainly if the town was owing a debt, the selectmen would have a right to pay it from their personal funds, or the funds of the town, as convenience might dispose, and no protest of the town, in town meeting, or in any manner attempted, against such payments, or against such debt, could avail to make the payment unauthorized and voluntary, and not a legal payment in behalf of the town. And if such payment be made from the personal funds of the officer, there can be no legal bar to recovery against the town for the amount of such advancement.

*J. W. Rowell*, for the defendant.

Plaintiff is not entitled to recover on account of the Polly Bugbee order in any view of the case.

1. He seeks to recover on that score, first, for that the money received on that order was paid into the town treasury. But that money belonged to the town, and the town was liable on the order given therefor. In borrowing that money, the plaintiff acted in his official capacity, and had authority from the other selectmen to sign their names to the order. The whole business, therefore, was the act of the town, and no right of action accrued to plaintiff against the town by reason thereof.

2. Plaintiff seeks to recover, for that he paid and took up said order. But in paying it he was a mere volunteer. He was paying the proper debt of the town, not only without the town's consent, but against its express vote not to pay, of which vote he was cognizant when he paid.

If A owes a debt to B, and C chooses to pay it without authority, the law will not raise a promise in A to indemnify C. 2 Kent Com. 616, 617, (12th ed.)

No recovery can be had of the $10 paid to Brown, as that was a voluntary payment; and that it was paid under protest, amounts to nothing. *Taggart* v. *Rice*, 37 Vt. 47, 51; *Wheatley* v. *Waldo*, 36 Vt. 237.

The opinion of the court was delivered by

Ross, J.  On the plaintiff's testimony the County Court ordered a verdict for the defendant.  This was error if his testimony fairly tended to show a legal right of recovery on any ground.  In such a case he would be entitled to have the jury pass upon the sufficiency of his evidence to establish his right of recovery.  The plaintiff's testimony tended to show that in 1871, 1872 and 1873 he was one of the selectmen of the defendant town, and as such, with the knowledge and approval of the other two selectmen, he, in 1871, procured for the town, of Polly Bugbee, three hundred dollars, gave her an order therefor on the treasurer of the town, signed by him with his own name and that of his associate selectmen, and that he paid the money thus procured to the treasurer of the town, who received it for the town ; that subsequently the treasurer accepted the order, and paid ten dollars interest thereon ; that when settling with the treasurer in March, 1873, no credit to the town was found for this three hundred dollars ; thereupon considerable excitement arose, a town meeting was called, a committee of investigation raised, who made an examination, and reported to an adjourned meeting that the plaintiff hired three hundred dollars of Polly C. Bugbee about March 9, 1871, and gave a town order for it, but they did not think he paid the money to the town treasurer, or that the town ever received any part of it.  The town accepted and adopted the report ; instructed the other selectmen and town agent to take advice of counsel, and measures to protect the town, and if so advised, to direct the treasurer not to pay the order nor any part of it.  His testimony further tended to show that on the investigation, the other two selectmen of 1871 denied all knowledge of procuring the money, or giving the order ; and that immediately after the action of the town, he was threatened with all sorts of suits and proceedings, even a prosecution for forgery, for signing the names of the other selectmen to the order being intimated, and informed that the town absolutely refused to pay the order ; that he then went to see Mrs. Bugbee, who wanted the money on the order, and that he paid her the money thereon, rather than to put her to trouble about it, preferring to lose it if he could not

collect it from the town. In a day or two after he had taken up the order, the town agent called upon him to repay the ten dollars which the town had paid as interest on the order, and threatened suit, if he did not, and that he paid back the same under protest. By his specifications the plaintiff seeks to recover the ten dollars which he paid under protest, and the amount he paid Mrs. Bugbee to take up the order, or the amount which he originally obtained from her and paid over to the treasurer. The action is assumpsit in common counts. The contention of the defendant is, that the payments by the plaintiff were voluntary, and therefore furnish no ground of recovery. On adjudged cases the payment of the ten dollars must be regarded voluntary. Payment under protest, upon a threat of suit, the party knowing all the circumstances, is not a payment under such compulsion of process as protects it from the infirmity of a voluntary payment. *Wheatley* v. *Weld*, 36 Vt. 237 ; *Taggart* v. *Rice*, 37 Vt. 47. Nor in this action can the plaintiff stand upon the payment of the order to Mrs. Bugbee. Whatever might be the right of a selectman, by virtue of being one of the general and financial agents of the town, and under a duty to protect the interests of the town, to pay an acknowledged debt of the town, which was being pressed by the holder for payment, the plaintiff, after he was aware that the town had refused to pay the order, and repudiated the debt to Mrs. Bugbee, could not take up the order and charge the town with having paid it at its request. The town was not obliged to accept the plaintiff as its creditor under such circumstances. At best his payment to Mrs. Bugbee could be held to be no more than a purchase of the order. As the order was not negotiable, a suit directly upon the order must be in the name of the payee. But the testimony tended to show that the town repudiated the plaintiff's agency in procuring the money and giving the order to Mrs. Bugbee, and that the other selectmen denied his right to sign their names to the order. The plaintiff had undertaken to act as the agent of the town in the matter, and had claimed that he had authority from the other selectmen to sign their names to the order. If he did not so act and had not such authority, he bound himself to Mrs. Bugbee for the payment of

the money loaned, and the loan was really to him as an individual. If on the evidence tending to establish these facts, the jury should find them established, or, if they should find that the town claimed that the plaintiff acted without authority from it, and from the other selectmen, in borrowing the money and giving the order, and that the plaintiff, rather than contest this claim, yielded to it, treated the money as borrowed by himself, he had a right to do so, and on this basis, if the plaintiff established, as his evidence tended to show, that he handed the money thus borrowed on his own credit over to the town treasurer, and the same was received by him for the town, it would be a loan then directly from the plaintiff to the town,—money had and received of him by the town to its use,—for the payment of which the law would imply a promise. The fact, if such be the fact, that the town by its agent, the treasurer, received the money from the plaintiff, and had, before the plaintiff took up the order, taken such a position in regard to borrowing the money, that the plaintiff had the right to treat it as a borrowing by himself on his own credit, distinguishes this case from *Child* v. *Morley*, 8 Term, 610, and all that class of cases, where an agent has paid damages on a contract which he entered into for his undisclosed principal, and which the principal has repudiated. In the case cited, the principal had received nothing from the agent, yet it is impliedly held that if the contract had been one that the purchaser could have enforced against the agent, the agent would not be a volunteer in paying the damages thereon for his principal, though the principal repudiated the contract. Whether the evidence was sufficient to establish that the town repudiated the agency of the plaintiff in borrowing the money, was a question for the jury, and if established in the manner indicated, and if the further fact was established that the plaintiff delivered the money to the town treasurer, he was entitled to recover.

The judgment of the County Court is reversed, and cause remanded for a new trial.