Rowley, Administrator, *v.* Fair.

Filed Dec. 10, 1885.

| | |
|---|---|
| 104 | 189 |
| 136 | 645 |
| 104 | 189 |
| 145 | 509 |
| 145 | 611 |
| 104 | 189 |
| 149 | 546 |

No. 11,217.

ROWLEY, ADMINISTRATOR, *v.* FAIR.

TOWNSHIP TRUSTEE.—*Title to Money of Township.*—*Administrator.*—The title of a township trustee in the money for which he is held accountable is a legal title only in a technical and limited sense, the money really belonging to the township; and upon his death while in office the same limited title is transmitted to his administrator.

Rowley, Administrator, *v.* Fair.

SAME.—*Payment by Administrator of Deceased Trustee to Latter's Successor.*— *Conversion.—Identification.*—It is the duty of the administrator of a deceased township trustee to deliver over such money, so far as the same can be identified, to the successor of such trustee; but when the money has been so far converted by the trustee as to render its identification as the property of the township impracticable, no such duty exists, except in the payment of an allowance regularly made against the estate.

From the DeKalb Circuit Court.

*W. L. Penfield, P. V. Hoffman* and *D. D. Moody,* for appellant.

*I. Stratton* and *W. H. Dills,* for appellee.

NIBLACK, C. J.—This was an action by James D. Rowley, administrator of the estate of James Quince, deceased, unadministered, against David W. Fair, for the alleged conversion to his own use of a certain bank certificate of deposit and other evidences of indebtedness claimed to have been the property of the estate. Some questions were reserved upon the pleadings, but the special finding of the facts made by the circuit court, and the conclusions of law drawn therefrom, fairly present all the questions really involved in this appeal.

The facts as they were specially found were, in effect, as follows: That prior and up to the 15th day of August, 1882, the decedent, James Quince, was trustee of Butler township, in DeKalb county, in this State, and that, on that day, while holding said office, he died intestate; that his widow, Lorena Quince, was thereupon, on the 22d day of August, 1882, appointed administratrix of the estate of the decedent, and, after duly qualifying, entered upon her duties as such administratrix; that, on the 21st day of August, 1882, the defendant, Fair, was appointed trustee of the said township of Butler, and immediately took upon himself the duties of the office, as the successor of the decedent; that at the time of the death of the said James Quince, he had on deposit at the banking house of John L. Davis, at Auburn, in this State, sums of money as follows: One hundred and seventy dollars

as a balance due on a running account, subject to his check and standing to his credit in his individual name, and eight hundred dollars, payable to him individually on demand, for which he held a certificate of deposit, dated June 17th, 1882; that all of the money thus on deposit, and standing to the individual credit of the decedent in said banking house, was money which he, as such trustee, had received from the treasurer of DeKalb county, and which, consequently, belonged to the said township of Butler; that the decedent, at the time of his death, was also the holder of certain promissory notes payable to him individually, as follows: Two notes against one Wesley I. Work, one for forty dollars, and the other for twenty-eight dollars; one note against one William McKinley for thirty dollars, upon which some interest was due; one note against one Milford Clark on which the sum of twenty-three dollars was then due; three notes against one Perry Fitch, one for one hundred and thirty dollars, another for one hundred dollars, and the remaining one for forty dollars, all with some interest also due upon them; that all of said notes, except the one against Milford Clark, were given to the decedent for money belonging to said township of Butler, as was respectively known to each of the makers thereof at the time such notes were executed and the money was obtained upon them; that the certificate of deposit and notes above named came into the hands of Lorena Quince upon her appointment as the administratrix of the estate of the decedent; that upon demand made of her by the defendant, she surrendered said certificate and notes to him as the trustee of the said township of Butler, each acting in good faith, and believing it was the duty of the said Lorena to so surrender the same as the property of such township; that the estate of the decedent is insolvent; that the said Lorena had resigned her trust as the administratrix of said estate, and the plaintiff had been appointed as her successor in the administration of the same; that when the decedent died there was in his hands as the trustee of the township in question the

sum of $1,765; that after applying the certificate of deposit and notes turned over by Mrs. Quince to the defendant in extinguishment of the amount due from the decedent to the township, there still remained a balance due from the decedent's estate to the township; that no claim had been made on behalf of the estate of the decedent to the money and notes turned over to the defendant by Mrs. Quince until after the former had, in good faith, applied the same to the use of the township; that the total amount which would have been due at the time of the trial on all the notes, except the Clark note, turned over as above stated to the defendant, was $431, which was additional to the sum of $800 and the balance of $170 respectively on deposit in the banking house of John L. Davis, and which were also transferred to the defendant.

From these facts the circuit court deduced the following conclusions of law:

*First.* That the plaintiff was entitled to a judgment against the defendant for $23, the amount of the Clark note transferred to the latter by Mrs. Quince.

*Second.* That as to all the other notes and sums of money in controversy, judgment ought to be entered in favor of the defendant.

*Third.* That the plaintiff was entitled to a judgment for costs.

The plaintiff excepted to the second conclusion of law deduced as above, whereupon judgment was rendered in his favor for only the sum of $23 and costs, and this appeal is prosecuted upon the alleged ground that upon the facts found by the circuit court the plaintiff was and still is entitled to judgment for the full amount of all the money and notes transferred to the defendant by Mrs. Quince, as herein above set forth.

It is true, as counsel remind us, that this court has several times decided that a township trustee, in common with a county treasurer, is more than a mere bailee of the money which comes into his hands by virtue of his office; that as

to all such money, he becomes, in a general sense, a debtor to the State, for the use of those directly interested, for the money which thus comes into his hands, and is required to account for such money irrespective of any casualty by which the same or any part of it may be lost; that by reason of this greater responsibility than a mere bailee, such a trustee becomes technically invested with the legal title to the money paid over to him from time to time for the use of his township, and hence responsible upon his official bond for the loss of any of such money while it remains in his hands, upon the theory that it is his, and not the township's, money which is lost. *Halbert* v. *State, ex rel.*, 22 Ind. 125; *Morbeck* v. *State, ex rel.*, 28 Ind. 86; *Rock* v. *Stinger,* 36 Ind. 346; *Inglis* v. *State, ex rel.*, 61 Ind. 212; *Linville* v. *Leininger,* 72 Ind. 491; *Mount* v. *State, ex rel.*, 90 Ind. 29 (46 Am. R. 192); *Rogers* v. *State, ex rel.*, 99 Ind. 218.

But the title of a township trustee in the money for which he is held accountable is only recognized to the extent that is necessary for the better preservation of the various funds which the money represents, and is, in fact, a legal title only in a technical and very limited sense. The equitable title to, and the beneficiary interest in, such money is in the township, and in that view the money for which the trustee is liable upon his bond really belongs to the township. In that sense, section 5993, R. S. 1881, refers to all moneys coming into the hands of a township trustee, as belonging to the township. That section authorizes a township trustee "To receive all moneys belonging to the township, and pay the same out according to law, as right and justice shall require," and also requires him " To see to a proper application of all moneys belonging to the township for road, school, or other purposes." Section 5999, R. S. 1881, enacts that " Such trustee shall, at the expiration of his term, deliver to his successor all moneys, books, and papers belonging to his township." In case of the death of a township trustee while

in office, the same technical and limited title which he held
to the money remaining in his hands is transmitted to his
administrator.    But in connection with such a transmis-
sion of title is coupled the duty of delivering over such
money, so far as the same can be identified, to the successor
of such trustee.    The duty of the administrator in respect to
delivering over the money remaining unexpended, and the
books and papers belonging to the township, to the proper
successor, is analogous to that which would have devolved
upon the deceased trustee if he had lived until the expiration
of his term.    When, however, the money received by the de-
ceased trustee has been so far converted by him in his life-
time as to render its identification as the property of the
township impracticable, the administrator is not required,
and ought not to be permitted, to deliver over to the succes-
sor of such trustee money which may have been derived from
other sources, to make good the money so converted, except
in payment of an allowance regularly made against the
estate.

Notwithstanding the technical legal title which a township
trustee takes in money received by him in his official capacity,
it is his duty not only to preserve the existence, as well as
the identity of each particular fund under his control, but to
hold the money so received in some suitable way ready to
meet all proper demands which may arise against any one of
such funds, or to be conveniently delivered to his successor,
either upon his death or the expiration of his term.    This is
a rule of general application in the execution of all trusts,
whether public or private.    *State, ex rel.,* v. *Sanders,* 62 Ind.
562.

The circuit court having found that the money and all the
notes, except the Clark note, delivered over to the defendant,
were the property of the township of which the defendant was
at the time the trustee, it necessarily follows that there was no
error in holding that the plaintiff was only entitled to a

judgment against the defendant for the amount of the Clark note. *Nixon* v. *State, ex rel.*, 96 Ind. 111.

As to what would constitute embezzlement by a township trustee, under the provisions of section 1951, R. S. 1881, is a question not now, in any manner, before us, and concerning which we are not now called upon either to intimate or to decide anything.

The judgment is affirmed with costs.

Filed Dec. 15, 1885.