Armstrong v. The State.

---

## ARMSTRONG v. THE STATE.

[No. 17,603.   Filed May 26, 1896.]

INDICTMENT.—*Sufficiency Of.*—*Embezzlement of County Funds by Deputy County Treasurer.*—An indictment against a deputy county treasurer, charging him with embezzlement of county funds, is not bad, for the reason that the indictment charged that the money so embezzled was the property of the county.

SAME.—*Statute of Limitations.*—*Statute Construed.*—*Embezzlement,*—*Answer.*—An indictment against a deputy county treasurer, for embezzlement of county funds, returned in November, 1893, when such deputy served as such officer from August 18, 1891, to August 18, 1893, is not bad for failure to state the time at which the crime was committed, under section 1825, Burns' R. S. 1894 (section 1756, R. S. 1881); for the reason that time is not of the essence of the offense.

From the Howard Circuit Court.  *Affirmed.*

*Oglebay & Oglebay,* for appellant.

*W. A. Ketcham,* Attorney-General, and *R. B. Beauchamp,* for State.

VOL. 145—39

MONKS, C. J.—Appellant was tried and convicted upon an indictment charging that, while he was the deputy treasurer of Tipton county, he embezzled the money and funds of said county, with the collection, receiving, safe-keeping, transfer, and disbursement of which he was charged and intrusted as such deputy treasurer. The indictment was returned under section 1942, R. S. 1881 (section 2019, R. S. 1894), which is as follows:

"Whoever, being charged or in any manner intrusted with the collection, receipt, safe-keeping, transfer, or disbursement of any money, funds, securities, bonds, choses in action, or other property belonging to or under the control of the State or of any State officer, or belonging to or under the control of any county, civil or school township, city, or town in this State, converts to his own use, or to the use of any other person or persons, corporation or corporations, in any manner whatever, contrary to law; or uses, by way of investment in any kind of property; or loans, either with or without interest; or deposits with any person or persons, corporation or corporations, contrary to law; or exchanges for other funds, except as allowed by law, any portion of such money, funds, securities, bonds, choses in action, or other property, is guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the State prison not more than twenty-one years nor less than two years, fined not exceeding the value of the money or other property embezzled, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

The venue of the cause was, on application of appellant, changed to the court below, where a motion to quash each count in the indictment was overruled. Appellant entered a plea of not guilty, and the trial

resulted in a verdict of guilty, upon which judgment was rendered.

The errors assigned call in question the sufficiency of the indictment.

It is earnestly insisted that the indictment is not sufficient for the reason that the facts set forth therein show that the money alleged to have been embezzled was not the property of Tipton county, as averred, but was the property of the county treasurer.

This contention of the appellant is based upon the theory that all the money which comes into the hands or under the control of a county treasurer is his individual property, and that he may do with it whatever he pleases; provided he pays all warrants properly drawn against any of the funds in his hands, and accounts to his successor for what may be on hand at the expiration of his term of office.

The title of the county treasurer to the money which he receives as such treasurer is only recognized to the extent necessary for the safety and better security of the funds in his hands, and not for the use or benefit of the officer himself, and is in effect a legal title in a technical and very limited sense. The equitable title to and beneficiary interest in such money is in the county, and the money for which he is held liable upon his bond is really the money of the county. *Rowley, Admr.,* v. *Fair,* 104 Ind. 189. While this was the rule prior to the enactment of section 1942 (2019), *supra,* as between the treasurer and the county and all other persons, the title to such money, legal and equitable, is in the county. *Winchester Electric Light Co.* v. *Veal, ante,* 506.

In *Rowley* v. *Fair, supra,* this court held that notes and other evidences of indebtedness which had been taken by a deceased township trustee for money loaned by him were rightfully turned over to his successor in office, and did not belong to his administra-

tor. As between the appellee and appellant the title to the funds alleged to have been embezzled was in the county.

It was properly alleged, therefore, in the indictment that the money was the property of the county of Tipton. *State* v. *Moore*, 1 Ind. 548.

Appellant urges that as the indictment was returned in November, 1893, and it is alleged that appellant was deputy county treasurer from August 18, 1891, to August 18, 1893, the presumption is that the embezzlement charged was in the first part of his term, and therefore barred by the two-year statute of limitations. Appellant has not cited any authority that such presumption exists, and we know of none. On the contrary, it is provided by section 1756, R. S. 1881 (section 1825, R. S. 1894), that "No indictment or information shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment, or other proceeding be stayed, arrested, or in any manner affected, for any of the following defects: * * *

"*Sixth.* For any surplusage or repugnant allegation where there is sufficient matter alleged to indicate the crime and person charged. * * *

"*Eighth.* For omitting to state the time at which the offense was committed in any case in which time is not the essence of the offense; nor for stating the time imperfectly, unless time is of the essence of the offense. * * *

"*Tenth.* For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Under this section of the statute the indictment is not bad for failure to state the time at which the crime was committed, for the reason that time is not of the essence of the offense. *State* v. *Sammons*, 95 Ind. 22;

*State* v. *McDonald*, 106 Ind. 233, 238; *State* v. *Patterson*, 116 Ind. 45; *Fleming* v. *State*. 136 Ind. 149.

Besides, it is expressly averred in the indictment that "the said offense was committed within the two years next preceding the return of the indictment, the exact time and date being to the grand jurors unknown."

We think the indictment was sufficient to withstand the motion to quash without this allegation. This form of pleading time is not to be commended, however. If a time is alleged, it should be within the statute of limitations, but it is not necessary to prove that the offense was committed at the time averred. It is sufficient to prove that the offense charged was committed at any time within the period fixed by the statute of limitations.

There is no available error in the record.

Judgment affirmed.