## WEIDNER v. CITY OF RICHMOND.

[No. 13,283. Filed February 15, 1929. Rehearing denied May 28, 1929. Transfer denied December 6, 1929.]

426

*Harlan & Brown,* for appellant.
*W. H. Kelley, Kelley & Kelley* and *John L. Rupe,* for appellee.

NICHOLS, J.—It is averred in the complaint in this action that appellant was duly elected at the general election in 1916 as county treasurer of Wayne county, Indiana, and that he qualified and assumed his duties as such on January 1, 1917; that he thereafter and continuously held such office and discharged the duties thereof until 1920, when his second term as such county treasurer expired, he being re-elected at the general election in 1918; that, during the time he held said office, he was *ex officio* treasurer of the city of Richmond, within said county; that, during the period he held said office and by virtue thereof, he had the custody and control of certain funds arising out of and from street improvements made within said city under what is commonly known as the "Barrett Law" in Indiana, effective April 15, 1905, §10440 Burns 1926, and providing for the manner of doing the work and the method of payment for street improvements in cities and towns in Indiana; that he fully accounted for all such funds received by him as such officer as is provided by law, and that all persons entitled to any interest in said fund were fully paid and satisfied therefrom, including contractors and improvement bondholders; that said funds, as received by him, were deposited by him in certain banks in said city, and that, during the various times and periods said funds so remained on deposit, the same earned certain interest hereinafter specified, which said interest on such funds was and always has been the property of appellant, but that, pursuant to the demand of appellee, he paid

over to said city on the —— of ——, 1920, said interest so collected by him, the same being his own separate property, and that he paid said money to appellee city under protest, over his objection and against his will, the same being in the amount of $1,625.30, which sum was placed to the credit of the general fund of said city and which is now and has ever since said date been held by said city in its general fund, and said general fund now has to its credit said amount in full, together with interest thereon; that said city threatened to sue appellant for said sum unless he turned the same over to it and thereby to cause him much embarrassment and expense; that said sum does now and has ever since the same occurred, belonged to appellant and that, during all of said period, he has been and is entitled to the same; and further that said city has never had and does not now have any right, title or interest in the same, but has ever since it came into possession of the same wrongfully withheld it from appellant; that on March 28, 1925, he filed a claim for the above sum with appellee city as is provided by law, but that said city refused to allow such claim, and refused to pay over to appellant said sum so demanded, and disallowed said claim in full and refused to pay any part thereof; that he is entitled to recover interest on the same from the date said sum was received by the city.    There is a demand for $2,225.30.

To the complaint, appellee filed its demurrer, which was sustained.    Appellant refused to plead further and the court rendered judgment for costs against him, from which judgment this appeal, appellant assigning as error that the court erred in sustaining appellee's demurrer to the complaint.

It is appellant's contention that the funds involved, being produced by assessment, under what is commonly known as the "Barrett Law," were not public funds belonging to the city, and that they were not, therefore,

included in the provision of the Depository Act, §12611 *et seq.* Burns 1926, as funds which he was required to deposit in the depository bank or trust company named by the city where it would draw interest for the use of the city. Such funds not being included in the provisions of the "Depository Act," appellant contends, were wholly under his control, and it was his right to deposit them in such bank as he chose, or to loan the same; that he was required only to account for the funds coming into his hands, and that he was not required to account for any interest that he had received thereon.

It is appellee's contention that such funds were within the provisions of the Depository Act; that appellant was required to deposit the same in the depository named by the city; and that the interest accumulating thereon belonged to the city. Further, it is appellee's contention that, under the provision of §10967 Burns 1926, appellant received a definite annual salary to be paid to him by the city, and that he was entitled to no other compensation whatever.

The Depository Law, *supra,* was enacted and became effective December 1, 1907, and is still in force. By its provisions, it is made the duty of every public officer in the state who receives or disburses *public funds* to keep a cash book wherein there shall be daily entered, by item, all receipts of public funds, and to deposit the same daily in one or more of the depositories designated by the respective boards of finance, such funds to be deposited on the day following the collection thereof, and, in the event that such officer shall deposit said funds in any manner except as provided in the act, he shall be deemed guilty of embezzlement of public funds, and, upon conviction, shall be imprisoned in the state prison not less than one year nor more than 20 years, fined in any sum not to exceed $1,000, may be removed from office under the proceedings authorized by law, and shall be liable on

his official bond for any damage or loss which may accrue.

Appellant argues that the improvement funds belong to the property owners from whom they were collected by assessment, and not by general taxation, and that they are not public funds, and, as such, subject to the provisions of the Depository Act, but we do not agree with this contention. By §10442 Burns 1926, the property owners are made liable to the city for their respective proportions of the cost of the improvement, and, in turn, the city is made liable to the contractor to the extent of the moneys actually received by it from the assessments; this section also providing that in the event any property owner fails to pay his assessment when due, the city shall have the right to pay the same from its general fund, with a provision for its reimbursement.

Under such statutory provisions, it is clear that such funds are funds of the city and not funds held by the treasurer for the use of the property owners. Section 12631 Burns 1926 expressly provides that all funds of city corporations shall be deposited in banks or trust companies designated as public depositories. It is far-fetched to say that, because such funds are produced by assessments on property owners who are but a part of the public, instead of by general taxation, they are, therefore, not public funds.

We are not called upon to determine whether the interest involved belongs to the general fund of the city or to the improvement funds, and we do not determine this question. But if appellant were right in his contention that such funds are not public funds and not subject to the provisions of the Depository Act, still he cannot prevail. In *Shelton* v. *State, ex rel.* (1876), 53 Ind. 331, 21 Am. Rep. 197, it was held that a public officer, as a county treasurer, who had received public money, with the custody of which he is charged by vir-

tue of his office, in the absence of a statute providing that the ownership of the specific fund shall remain in the public, was not, like a trustee or an agent, the mere bailee or custodian of such money, but it became his own, and he could only be compelled to account for it and pay it over as provided by law and the terms of his official bond, and could not be required to account for and pay over amounts collected or received by him as interest on such money loaned to or deposited in a bank. Other authorities to a like effect were *Halbert* v. *State, ex rel.* (1864), 22 Ind. 125; *Linnville* v. *Leininger, Trustee* (1880), 72 Ind. 491. But, by an act of the Special Session of the Legislature of 1881, Acts 1881 (Spec. Sess.) p. 174, it was provided that: "Whoever, being charged or in any manner entrusted with the collection, receipt, safe keeping, transfer or disbursement of any money, funds, . . . belonging to or under the control of any . . . city . . . converts [them] to his own use . . . by . . . way of . . . loans, either with or without interest, . . . is guilty of embezzlement, and upon conviction thereof shall be imprisoned in the State prison not more than twenty-one years nor less than two years, fined not exceeding double the value of the money . . . embezzled, and disfranchised," etc. This statute has continued in force from the time of its enactment to the present time, and now appears in Burns 1926 under §2467. After the enactment of this statute, in *Rowley, Admr.,* v. *Fair* (1885), 104 Ind. 189, 3 N. E. 860, it was held that the title of a township trustee in the money for which he was held responsible is only recognized to the extent that is necessary for the better preservation of the various funds which the money represents, and is, in fact, a legal title only in a technical and very limited way.

In *Winchester Electric Light Co.* v. *Veal* (1896), 145 Ind. 506, 41 N. E. 334, 44 N. E. 353, after quoting the

above-mentioned statute, the court stated that, "It seems clear that, under this statute, the appellee, in loaning the money in his hands as a county treasurer, was guilty of a felony," and the court held that the treasurer, having violated an express statute in loaning the money in his hands, he could not maintain an action based on his own illegal act. It is clear that the interest here involved was produced by the illegal act of appellant in loaning the improvement fund in his hands as county treasurer. This interest he paid to appellee, as he avers, "under protest." As there is no averment that such protest was in writing, we assume that it was merely an oral objection by him to the payment of the same. In *Burnham* v. *Town of Strafford* (1881), 53 Vt. 610, 613, it was held that payment under protest, upon a threat of suit, is not a payment under such compulsion of process as protects it from the infirmity of a voluntary payment. Appellant now seeks to recover from appellee this interest which was produced by his own breach of the law. In effect, it is an action based on his own illegal act. The law will not help him, but will leave him where it finds him.

Affirmed.

Neal, J., concurs in result.