Judge Wood
delivered the opinion of the court:
The complainant seeks relief, because he was compelled by duress to make the dee.d to Adams. Is he right in this assumption? We incline to a different opinion. Lord Coke says, “that, for menaces, in four instances, a man may avoid his own act: 1. Eor fear of loss of life; 2. Of member; 3. Of mayhem; and 4. Of imprisonment. 2 Bac. Ab. 156, 157. The complainant was in no-fear of life, or member, or mayhem — the mere threat of consequential imprisonment does not constitute duress. There must-be actual and unlawful imprisonment to constitute duress, and the-deed given as a consideration for the discharge. “ It is not accounted duress of imprisonment, but when either the imprisonment or the duress that is offered, in prison, or at large, is tortious and unlawful; for executio juris, non habet injuriam. Ib.
2. The complainant seeks relief because the consideration of his deed was, in part, the agreement not to prosecute him for perjury. We think this ground, also, unavailable for him. The-agreement is unlawful, in which both parties are concerned, and *they stand in pari delictu. It is contra bonos mores, and *380 ,good policy requires the court to leave the parties as it finds them, .and not corrupt itself by interfering between a corrupt vendee and an equally tainted vendee. 4 Ohio, 418; 7 Ohio, 77; 2 Kent’s Com. 366; 2 Stark. Ev. 87. These cases are all of executory contracts, it is true, but this court has determined that when a deed was delivered, upon an agreement analogous to the one set up in the bill, the contract was executed, and that the court would leave .the parties to the full enjoyment of the fruit of their iniquity without interference. It is said, however, that that was an action at law, and this a case in equity. We know of no distinction in the application of these rules in the one or the other court.
The bill is dismissed with costs.