### E. H. SPAULDING v. JAMES A. CRAWFORD.

It is the duty of the party bringing a cause before this court by appeal or writ of error, to present to it such a transcript of the proceedings in the court below as will enable this court fully to understand the facts which were before the court of original jurisdiction.

See this case for considerations in view of which this court will presume the ruling of the court below, in refusing to permit a co-obligor in a bond to make himself a defendant, to be correct, the record not disclosing the reason of the ruling.

Though courts will scrutinize contracts made by a party while under imprisonment, and, if there is ground to suspect oppression or imposition, will set them aside; yet, if the imprisonment was by virtue of legal process, the plea of duress is not supported, unless it appears that the process was sued out maliciously and without probable cause; or that, while the party was under lawful arrest, unlawful force, constraint, or severity, was inflicted on him, by reason of which the instrument was executed.

One joint obligor, it seems, can not avoid his bond by reason of duress exercised upon his co-obligor.

A trespass committed by the taking and retaining the possession of the property of another constituted a sufficient consideration to support a promise or covenant made by the trespasser, for the return of the property to the owner.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

James A. Crawford, the defendant in error, filed his petition in the District Court of Gonzales county against one James M. Wil-

liams and the plaintiff in error, E. H. Spaulding, on a bond. The petition alleged that the bond was made by the defendants to the plaintiff, in the penal sum of four hundred dollars, conditioned for the delivery to the plaintiff at the town of Gonzales, within twenty days after date, of one sorrel horse of a particular description, and one sorrel filly also specially described.

So far as appears in the record, there was no process issued for the defendant Williams, who was alleged in the petition to be a citizen of Caldwell county.

At the return term the defendant, Spaulding, being served with process, demurred to the petition, and answered with a general denial; and, also, specially, alleging that he was a surety and not a principal in the bond, denying that the horses mentioned in the bond were the property of the plaintiff, and averring that they belonged to the said James M. Williams.

At the next term an amended answer was filed, reciting the appearance of Williams, and his prayer to be made a party defendant to the suit. In this answer, Williams alleged that the bond sued on was executed without his will or consent; that at the time it was made and delivered, he was unlawfully imprisoned and detained by the plaintiff; that he had been arrested at the instance and upon the affidavit of the plaintiff or his agent, falsely charging this defendant with having stolen the horses described in the petition; that this defendant Williams was detained until, by the force and duress of his imprisonment, he as principal and Spaulding as his security executed the bond sued on. Wherefore defendants allege that they are not bound by said bond. Further answering, the defendants allege that the horses described in plaintiff's petition were not and are not the property of the plaintiff, but belong to Russell Williams, the father of the defendant, J. M. Williams; and that defendant Williams, as agent of his father, was in the act of taking the said horses to the place of his father's residence in Brown county in this State, when the horses were claimed by the plaintiff, and defendant Williams was arrested under the false charge of horse-stealing. Defendant Spaulding, uniting with his co-defendant, Williams, in this answer, withdraws so much of his previous answers as are inconsistent herewith.

Spaulding v. Crawford.

This answer was sworn to by Spaulding. The plaintiff moved to strike out so much of this answer as impeached the considera- tion of the bond sued on, alleging, in support of the motion, that the answer was not properly sworn to. The defendants amended their answer, and charged that the bond sued on was obtained by false and fraudulent representations made by plaintiff to defend- ant, and that no consideration ever passed or was realized by these defendants; and that the bond was made and executed without con- sideration, and is therefore null and void. This amended answer is also verified by the affidavit of Spaulding.

By a memorandum of the clerk, copied into the transcript, it appears that the orders and judgment of the court below were not entered up; though, by an entry on the judge's docket, and by a bill of exceptions, it is shown, in general terms, that the applica- tion of Williams for permission to become a defendant was over- ruled; to which ruling, both Williams and Spaulding excepted.

Verdict and judgment for $325 and costs of suit, in favor of the plaintiff against Spaulding, whose motion for a new trial was over- ruled.

*T. M. Harwood,* for plaintiff in error.

*Mills & Batchelor,* for defendant in error.

MOORE, J.—The ground upon which the court refused to per- mit the co-obligor, Williams, to make himself a defendant is not disclosed by the record. He was made a party defendant in the original petition; and counsel state in their brief, that the suit was discontinued against him for want of service. The record does not show that process was even issued against Williams, or that it was discontinued as to him. The transcript shows, however, that but an imperfect record of the proceedings, had in the cause in the court below, has been preserved, or brought before this court. Under these circumstances, it will not be unreasonable to indulge the presumption that, if a full record of all the proceedings that were had in the District Court was before us, it would appear that the rulings of the court were correct; especially as the refusal to

permit Williams to make himself a party, is not perceived to have resulted in any injury to the plaintiff in error. It is his duty, as the party bringing the case into this court, to present to it such a transcript of the proceedings in the court below, as will enable this court fully to understand and act upon the facts which were before the court of original jurisdiction.

Courts, it is said, will watch, with some degree of jealousy, contracts made by a party while under imprisonment; and if there is ground to suspect oppression or imposition, they will set the contracts aside. (1 St. Eq., sec. 239.) But if the imprisonment was lawful, that is, if it was by virtue of legal process, the plea is not supported, unless it appear that the arrest was upon process sued out maliciously and without probable cause; or that, while the party was under lawful arrest, unlawful force, constraint, or severity, was inflicted upon him, by reason of which the instrument was executed. (2 Green. Ev., sec. 302.) In this case Williams, as to whom alone it is pretended there was any duress, was under lawful arrest, but does not, during the time, appear to have been under actual restraint. He had abundant opportunity of counseling with, and taking the advice of, his attorneys and friends. No threats or improper influences are shown to have been used to induce him to give the bond. But if it had been executed through duress by Williams, it seems that the co-obligor, Spaulding, could not take advantage of this to avoid it as to himself. (2 Green. Ev., sec. 302, and cases cited.) Nor can it be seen that Williams being a party would put him in any better attitude.

From some of the facts disclosed in the record, an inference might, perhaps, be indulged, that the execution of the bond was induced by an agreement on the part of the obligee, that he would not further prosecute Williams on the charge upon which he had had him arrested, and that it would be suffered to drop by his failure to cause the attendance of the witness, when the case should be called to a hearing by the justice of the peace. If this was the case, the obligation was unquestionably void, because such an agreement would be in violation of public policy, and would tend to impede the administration of the law, and stifle public justice.

But the defendant in the court below did not attack the bond upon this ground, or allege this to be the fact with reference to it; and, under these circumstances, it would be gratuitous for the court to do so.

There was testimony from which the jury were warranted in concluding that the horses in dispute belonged to Crawford, and had been taken possession of and driven away by Williams; and if this was the case, the trespass and possession of the property would certainly afford a sufficient consideration to support a promise, by the wrong-doer, for its return to the owner. The judgment is affirmed.

Judgment affirmed.