GEORGE T. BIGELOW, administrator, *vs.* JOHN MORONG & others.

Under the provisions of the Gen. Sts. *c.* 91, § 1, *cl.* 3, and *c.* 94, § 16, that the estate of an ·intestate who leaves no issue nor father shall go " in equal shares to his mother, brothers and sisters, and to the children of any deceased brother or sister by right of representation," the children of a deceased child of a deceased sister are not entitled to share in the distribution.

In a bill in equity by an administrator for instructions whether, on a correct construction of the statute of distributions, a quarter of his intestate's estate should be divided among all the defendants or among some of them only, the costs of all parties as between solicitor and client were ordered to come out of said quarter, and not out of the whole estate.

BILL IN EQUITY by the administrator of the estate of Samuel Nicolson, praying for instructions as to the distribution of one quarter part thereof.

From the bill and answers, on which the case was reserved by *Morton*, J., for the determination of the full court, it appeared that Samuel Nicolson died intestate, leaving no issue nor father nor mother; that he left, living at the time of his decease, a sister, all the children of a deceased sister, and the only child of another deceased sister, who were entitled to three quarters of his estate after payment of his debts and the charges of administration; that he had also another sister, Hannah Nicolson, who died before him, four of whose children, and six of whose grandchildren, the children of deceased children of hers, were living at the time of his decease. The only question was, whether the other quarter of the estate was to be divided among the four children of Hannah Nicolson, or whether the six grandchildren were also entitled to share by right of representation through their deceased parents.

*L. S. Dabney*, for the administrator.

*H. W. Paine & J. W. Rollins*, for Hannah Nicolson's children.

*I. F. Redfield*, for the grandchildren of Hannah Nicolson.

GRAY, J. The existing statute of distributions (Gen. Sts. c. 91, § 1; c. 94, § 16) declares that the estate of an intestate shall be distributed as follows:

" First. In equal shares to his children, and the issue of any deceased child by right of representation."

" Second. If he leaves no issue, then to his father."

" Third. If he leaves no issue nor father, then in equal shares to his mother, brothers and sisters, and to the children of any deceased brother or sister by right of representation."

" Fourth. If he leaves no issue nor father, and no brother nor sister, living at his death, then to his mother, to the exclusion of the issue, if any, of deceased brothers or sisters."

" Fifth. If he leaves no issue, and no father, mother, brother nor sister, then to his next of kin in equal degree."

These provisions are substantial, and nearly verbal, reënactments of the corresponding clauses in the St. of 1805, c. 90 §§ 1, 2; and the Rev. Sts. c. 61, § 1, and c. 64, § 1. By another provision, originally inserted in the statute of distributions, but since transferred to the statute of definitions, the word " issue "

is declared to include all the lawful lineal descendants of the ancestor. Rev. Sts. *c.* 61, § 13. Gen. Sts. *c.* 3, § 7, *cl.* 9.

Two leading rules are affirmed by these statutes; the one, that all lineal descendants, in whatever degree, shall share in the estate; the other, that, in distribution among collaterals, only those in equal degree shall share, except in the single case of collaterals in the nearest possible degree to the intestate, namely, his brothers and sisters, with whom those of one degree further off, being the children of a deceased brother or sister, may partake. The distinction between the words "children" and "issue" is carefully preserved throughout. " Issue " necessarily includes children; but " children " does not include more remote issue. The third clause of the statute in terms limits the right to share to " the children of any deceased brother or sister." The additional restriction in the fourth clause, excluding all issue, even children, of deceased brothers and sisters, when all the intestate's brothers and sisters are dead and his mother survives, does not extend the right to partake, already clearly limited by the third clause, when some of the brothers and sisters are still living.

This construction of the third clause is the most natural, if not the unavoidable, interpretation of its words; it has been often, and we believe uniformly, acted on in this Commonwealth and in the state of Maine, under the St. of 1805, and the reënactments thereof, expressed in the same words; and it accords with the practice, judicially sanctioned, under the statutes of England and of Massachusetts upon this subject for more than a century before the passage of that statute. St. 22 & 23 Car. II. *c.* 10, § 7. 2 Williams on Executors, (5th Am. ed.) 1363. Prov Sts. 1692, (4 W. & M.) *c.* 14, § 1; 1710, (9 Anne) *c.* 2, § 1; Anc. Chart. 230, 390; 1 Prov. Laws, (State ed.) 43, 652. St. 1783, *c.* 36. *Sheffield* v. *Lovering,* 12 Mass. 491, 493, 494. 4 Dane Ab. 538, 539. Commissioners' notes on Rev. Sts. *c.* 61, § 1 *Quinby* v. *Higgins,* 14 Maine, 309.

The result is, that the quarter of the estate of the intestate, as to which the administrator asks the instructions of the court. is to be distributed among the children, to the exclusion of the grandchildren, of the deceased sister.

As this suit does not affect the rest of the estate, nor arise out of an ambiguity in a will, but depends upon the application of the statute of distributions to that quarter only, the costs of all the parties to the suit, taxed as between solicitor and client, are to be paid out of the quarter in controversy.

*Decree accordingly.*