## PETER DILLER v. T. A. JOHNSON.

To a suit on a writing obligatory, executed in May, 1867, defendant pleaded that the instrument was executed by him under duress of imprisonment, imposed by a United States military officer at the instance of the plaintiff. *Held,* that the plea was subject to general exception for insufficiency, because it failed to allege the act of the officer was illegal, and that he had no authority to arrest and imprison the defendant. *Held further,* that to constitute the imprisonment a defense to the suit, the defendant must show that it forced him into a contract under which he has suffered, or is about to suffer, some wrong or injury; and if the plaintiff shall show that the contract was an equitable one, and one which the defendant is bound to comply with, having derived benefits from it, then the imprisonment cannot be held a defense to the action.

APPEAL from McLennan. Tried below before the Hon. J. W. Oliver.

It appears that early in the year 1867, Diller, the plaintiff, was merchandising in Brenham, when the defendant, Johnson, sued out an attachment against Sawyer & Baker, and caused it to be levied on the goods of the plaintiff, who, being unable to replevy the goods, brought a suit against Johnson and the officer who made the levy. His suit being continued at the first term of the court, Diller applied to Captain Collins, a United States officer then in command of the military post of Brenham, who thereupon arrested and imprisoned Johnson. That, as a result of this action of the military officer, Johnson agreed to arbitrate the matter, and an arbitration was had, but the award was not satisfactory to either Johnson or Diller; and thereupon they adjusted the matter between themselves, and Johnson executed to Diller the instrument now sued upon, in the following terms:

"Agreement between Mr. Peter Diller and Telephus John-
" son, in the case of seizure of goods in Brenham, in January,
" 1867. Mr. Johnson secures the payment of Mr. Diller's notes
" now in possession of Messrs. Terrell & Crosby, in Houston,
" amounting to six thousand dollars currency, pays Mr. Diller
" one thousand dollars in specie, to-day. Court expenses to be
" paid equally between both parties. Mr. Diller dismisses all
" suits pending in the case; the notes to be paid to Capt. Col-
" lins for Mr. Diller; also the money to be paid in his
" hands."

This instrument bore date May 2d, 1867, and was signed by both Diller and Johnson. The petition acknowledged the payment by Johnson of the thousand dollars in specie. Diller dismissed his suit in the court; his notes were not taken up by Johnson, nor the six thousand dollars otherwise liquidated. The goods of Diller, attached by Johnson, passed into the possession of the latter from the sheriff; and it is to be inferred that Johnson got the benefit of them. Their value was placed at nine thousand dollars by some of the witnesses.

The court below, in the charge to the jury, submitted the issue as simply one of duress, and a verdict was returned for the defendant.

*F. H. Sleeper,* for the appellant.

No brief for the appellee.

WALKER, J. We think the court erred in overruling the exceptions to the defendant's plea in this case. The plea should set forth the illegality of the acts of Captain Collins, the commandant of the military post of Brenham; that his acts were illegal, and that he had no authority in like cases to arrest and imprison. The pleading was insufficient in law, if his allegations had been proven.

But the verdict in this case is so manifestly against the evidence, that a new trial should have been granted, and it was error in the court to overrule the motion.

A brief analysis of the evidence, such as is contained in the appellant's brief, serves to show that the verdict is not supported by the testimony. Five witnesses, Norton, Simon, Allen, Bassett, and Thwacker, are called to make out the defense of duress. Three of these witnesses, Allen, Simon, and Norton, state that Johnson was not in arrest at the time he made the settlement with the appellant. Thwacker confirms this statement, upon the information of others. Bassett only states, with some hesitation, that Johnson was under arrest at the time the settlement was made. Two of these witnesses, Norton and Simon, were upon the arbitration which took place between the parties, and had very ample opportunity for knowing the facts of which they testify. But it is very questionable whether an arrest, such as appears to have been made in this case, could, if satisfactorily proven, constitute a defense to this action. It must at least be shown that the arrest operated to force Johnson into a contract under which he has suffered, or is about to suffer, some wrong or injury; and if it be shown that

this was an equitable arrangement, and one which Johnson, as an honest man, was bound to carry out, there is nothing in the manner or nature of the arrest, even though it existed at the time the compromise was made, that would exonerate Johnson from the performance of his contract. The judgment of the District Court must be reversed, and the case remanded.

Reversed and remanded.