## Benjamin W. Conant *vs.* George E. Kent & trustee.

Suffolk.   Nov. 11, 1880. — Jan. 6, 1881.   Lord & Soule, JJ., absent.

Under the St. of 1876, c. 220, when an intestate leaves no issue and no father, mother, brother or sister, the estate goes to the children of deceased brothers or sisters, to the exclusion of children of deceased nephews or nieces.

Trustee process.   Writ dated February 18, 1879.   Alexander S. Wheeler, administrator of the estate of Jane P. Bartlett, was summoned as trustee of the principal defendant, and answered that, at the date of the service of the writ upon him, he had not, as such administrator, any of the goods, effects or credits of the defendant in his hands.

The case was submitted to the Superior Court, and, after a judgment against the defendant and discharging the trustee, to this court, on the plaintiff's appeal, upon these agreed facts:

Jane P. Bartlett died in Boston on January 18, 1879, leaving no issue, father, mother, brother or sister. She left three nephews and one niece, children of her deceased sister, Mary Lund; one nephew and one niece, children of her deceased brother, Joseph Nahor; three nieces and one nephew, children of her deceased brother of the half blood, Edward Bixby; and the principal defendant, her grand-nephew, who is the son of her deceased niece, Mary E. Kent, who was a daughter of the intestate's sister, Mary Lund, above named.

*W. P. Harding*, for the plaintiff.

*A. S. Wheeler, pro se.*

GRAY, C. J. By the General Statutes, if a person died intestate, leaving no issue, and no father nor mother, his estate went in equal shares to his "brothers and sisters, and to the children of any deceased brother or sister by right of representation;" and "if he leaves no issue, and no father, mother, brother nor sister, then to his next of kin in equal degree." Gen. Sts. *c.* 91, § 1, *cls.* 3, 5; *c.* 94, § 16. Under those statutes, it was held that where an intestate left no issue, father nor mother, but left one sister, children of another sister, and children of deceased children of a third sister, these grand-nephews or grand-nieces could not share in the distribution. *Bigelow* v. *Morong,* 103 Mass. 287.

A statute passed in 1876, under which the present case arises, reënacted the first clause above quoted, with the substitution of the word "issue" for the word "children;" so that in a case like *Bigelow* v. *Morong* the grandchildren of a deceased sister would take a share of the estate. But the clause so altered applies only when the intestate leaves a surviving brother or sister; and the statute of 1876 reënacted in its very words the second clause above quoted. St. 1876, *c.* 220, § 1, *cls.* 5, 6; § 4. The clear words of this clause require that, if the intestate leaves no issue nor parent, and no brother nor sister, his estate should go "to his next of kin in equal degree." The necessary consequence is that, when no brother nor sister of the intestate survives him, the estate goes to the children of deceased brothers or sisters as the next of kin of the intestate, to the exclusion of children of deceased nephews or nieces.

The words of the statute being clear and unambiguous, it is not for the court to conjecture whether the distinction in the rights of grandchildren of a deceased brother or sister, depending upon the fact whether any brother or sister survived the intestate, was intentional or accidental; nor can the St. of 1880, *c.* 219, abolishing the distinction, and allowing the issue, in whatever degree, of every deceased brother or sister, to share by right of representation in all such cases, affect rights vested under the statute of 1876. *Judgment affirmed.*