S. D. MEACHAM *vs.* THE TOWN OF NEWPORT.

January Term, 1897.

Present: TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Voluntary Payment—Payment under Protest—Duress by Imprisonment.*

In an action of general assumpsit against a town, the plaintiff's evidence showed merely that the defendant's constable arrested and committed him to jail and that to obtain his release he paid the jailer under protest a sum of money which the constable claimed to be due upon a warrant, which sum the jailer paid over to the constable and a part of which the constable afterwards paid over to the treasurer of the defendant. *Held*, insufficient to entitle the plaintiff to recover.

The plaintiff, not having shown that the warrant was for taxes, was bound to prove that he did not owe the sum demanded and paid, that it was wrongfully obtained from him, and that it came to the defendant's use.

The mere fact that a payment is made under protest does not prevent its operation as a voluntary payment.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at the September Term, 1896, Orleans County, *Ross*, C. J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

At the conclusion of the plaintiff's case both parties rested. No question was made as to the truth of the evidence. The defendant moved for a verdict, but the motion was over-

ruled and a verdict ordered for the plaintiff for the amount paid by Lindsay, the constable, to the defendant's treasurer.

*John Young* and *C. A. Prouty* for the defendant.

*O. S. Annis* for the plaintiff.

START, J.    The action is general assumpsit.    At the conclusion of the evidence, the defendant moved the court to order a verdict for the defendant.    The court overruled this motion, ordered a verdict for the plaintiff, rendered judgment thereon, and the defendant excepted.

The plaintiff's counsel claims that the evidence tended to show that Howard Lindsay was the defendant's collector of taxes; that he had a tax-warrant for the collection of taxes assessed by the defendant against the plaintiff; that Lindsay arrested and committed to jail the plaintiff on such warrant; and that the plaintiff paid such taxes to procure his release from jail, and the same were paid, as such, to the defendant.

A majority of the court were of the opinion that the evidence did not tend to show that the plaintiff was arrested and imprisoned upon a tax-warrant and that it did not present any question respecting taxes.    Briefly stated, the case is, that the plaintiff was arrested and committed to the county jail by Lindsay, and there remained two or three days, when he paid the jailer, under protest, the amount claimed by Lindsay to be due upon a warrant, and was released from custody; and that a part of the money thus paid was paid by Lindsay to the town treasurer of Newport.

Upon this showing, the plaintiff was not entitled to recover; and a verdict should have been ordered for the defendant.    The burden was on the plaintiff to show that the money in question belonged to him, and that he was entitled to recover it of the defendant.    He, having paid it in satisfaction of a sum demanded and claimed to be due on a warrant, not shown to be a tax-warrant, was not

entitled to its return without showing, that he did not owe the sum demanded and paid; that it was wrongfully obtained from him; and that it came to the defendant's use. This he did not do. There is nothing in the case to show that the sum demanded of and paid by the plaintiff was not justly due and owing; nor is there any evidence tending to show that the sum paid by Lindsay to the town treasurer of Newport was not paid in satisfaction of a debt due and owing from Lindsay to the treasurer or to the defendant. It does not appear that Lindsay was the agent of the defendant, or acted as such, in arresting and imprisoning the plaintiff, or in receiving and paying out the money; or that there was any evidence tending to show that the arrest and imprisonment were unlawful; or that undue force was used; or that the plaintiff, while imprisoned, was made to endure unnecessary privation; or that he was induced to pay the money sought to be recovered back, through undue coercion. The evidence does not disclose the nature of the process on which the plaintiff was arrested and confined in the jail, or the character of the confinement and treatment while in jail, or the purpose for which the money was paid, except that it was the amount claimed to be due upon a warrant; but what the warrant was for, does not appear. In the absence of any evidence tending to show that the money was paid on a tax-warrant, or respecting the purpose for which it was paid, or of the use of unlawful means to induce its payment, the payment must be regarded as voluntary, and as having been made in satisfaction of a legal demand; and it cannot be recovered back, notwithstanding it was made under protest and while the plaintiff was in jail.

A payment under protest, upon a threat of suit, the party knowing all the circumstances, is not a payment under such compulsion of process as protects it from the infirmity of a voluntary payment. *Burnham* v. *Strafford*, 53 Vt. 610. When a party is induced to pay money which he is under no

legal duty to pay, through legal proceedings commenced or threatened, he cannot recover it back, if the proceedings are *bona fide* and no undue advantage is taken; and when payment is thus made the fact that it was made under protest amounts to nothing. *Taggart* v. *Rice*, 37 Vt. 47.

When a party seeks to avoid a contract because of duress by imprisonment, it is not enough to simply show that he was imprisoned. He must go further and show that the imprisonment was unlawful; or, if lawful, that while imprisoned, he was subjected to undue force or unnecessary privation, and that to obtain his liberty, or to avoid such illegal hardship or privation, he was induced to make the contract. Chitty on Contracts, 217; American and English Encyclopædia of Law, Vol. 6, 96; *Heaps* v. *Dunham*, 95 Ill. 583; *Hatter* v. *Greenlee*, 1 Porter 222, 26 Am. Dec. 370; *Eddy* v. *Herrin*, 17 Me. 338, 35 Am. Dec. 261; *Clark* v. *Turnbull*, 47 N. J. Law 265; *Mascolo* v. *Montesanto*, 61 Conn. 50; *Stouffer* v. *Latshaw*, 2 Watts 167, 27 Am. Dec. 297.

The plea of *duress of imprisonment* is supported by any evidence that the party was unlawfully restrained of his liberty until he would execute the instrument. If the imprisonment was lawful, that is, if it was by legal process, the plea is not supported, unless it appear that the arrest was upon process sued out maliciously and without probable cause; or that, while the party was under lawful arrest, unlawful force, constraint, or severity was inflicted upon him, by reason of which the instrument was executed. Greenleaf on Evidence, Vol. 2, Sec. 302. To constitute duress by imprisonment, either the imprisonment, or the duress after, must be tortious and unlawful. *Watkins* v. *Baird*, 6 Mass. 510. There must be actual and unlawful imprisonment to constitute duress, and the deed given as a consideration for the discharge. *Moore* v. *Adams*, 8 Ohio 372, 32 Am. Dec. 724. Imprisonment is not deemed sufficient duress to avoid a contract obtained through the

medium of its coercion, if the party is in proper custody, under regular process of a court of competent jurisdiction. Broom's Legal Maxims, 131. To constitute duress, at law, the arrest must have been originally illegal, or have become so by subsequent abuse of it; and, in the absence of proof to the contrary, an arrest must be taken to be justifiable. *Stouffer* v. *Latshaw*, 2 Watts 165.

*Judgment reversed and cause remanded.*