## Board of Commissioners of the County of Hendricks v. Eaton.

[No. 5,691.    Filed May 15, 1906.]

1. OFFICERS.—Sheriffs.—Fees and Salaries.—Court Attendance. —The per diem allowances to sheriffs, paid to the county as a part of the "fees" of the office, may be recovered by such sheriffs. Board, etc., v. Crone (1906), 36 Ind. App. 283, followed. p. 32.

2. APPEAL AND ERROR.—Insufficient Evidence.—Rule.—Where a finding is attacked, on appeal, for insufficiency of evidence, the court will consider only the evidence tending to sustain such finding. p. 32.

3. COUNTIES.—Allowance of Claims.—Failure to Present.—Defense.—Evidence.—In an action against a county the claimant's failure to present his claim to the board of commissioners is a defense which must be pleaded and proved, and where not pleaded evidence in support of such contention is not admissible. p. 32.

Board, etc., *v.* Eaton—38 Ind. App. 30.

4. APPEAL AND ERROR.—*Evidence.—Admission.—Joint Assignment.*—Where error is assigned upon the admission in evidence of exhibits one to nine, inclusive, if one was properly admitted, such error is not well taken. p. 32.

5. EVIDENCE.—*Counties.—Officers.—Reports.—Fees.*—The reports to the board of commissioners of fees collected by a sheriff, which fees are charged on such sheriff's salary account, are admissible in evidence on behalf of such sheriff in an action against such county for the recovery of certain fees therein included. p. 33.

6. APPEAL AND ERROR.—*Evidence.—Proof of a Fact Admitted.*—It is not harmful to admit evidence to prove a fact the truth of which is already admitted by the other party. p. 33.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Action by Henry I. Eaton against the Board of Commissioners of the County of Hendricks. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Brill & Harvey,* for appellant.

*Solon A. Enloe,* for appellee.

COMSTOCK, J.—Appellee, who was plaintiff below, was duly elected sheriff of Hendricks county, Indiana, at the general election, held on November 8, 1898, for the regular term of two years. He duly qualified by filing his official bond, and assumed the oath of office November 23, 1898, and continued in the discharge of his official duties as such sheriff until November 23, 1900. While acting as such sheriff the appellee received from time to time out of the county treasury of said county, upon allowances in that behalf, $972, for his per diem attendance on the circuit court and the commissioners' court of said county, and reported the same in his quarterly reports filed with the auditor of said county, and turned said sums of money into the county treasury, and the same, together with all of his "fees," were credited as a part of the salary allowed him. He sued the appellant to recover the sum so allowed. There was a trial, and the court, upon request, made a special finding of the facts and stated conclusions of law thereon

in favor of appellee, and rendered judgment for $972, the full amount demanded.

The errors assigned challenge the sufficiency of the complaint and the action of the court in overruling appellant's motion for a new trial.

1. This case presents, in all essentials, the same questions as were involved in *Board, etc.,* v. *Crone* (1906), 36 Ind. App. 283, except those arising upon the motion for a new trial.

One of the reasons discussed for a new trial is that there is not sufficient evidence to sustain special finding number seven. That finding is as follows: "That prior to

2. the bringing of this suit the plaintiff filed with the Board of Commissioners of the County of Hendricks his claim, in proper form, for the return of said sum of $972, but said board refused to allow said claim, and rejected the same, and said money has not been paid to the plaintiff." In determining whether a special finding is sustained by sufficient evidence, it is only necessary to consider such evidence as tends to sustain the finding, disregarding any evidence to the contrary, for the reason that if there is evidence sustaining the same, even though there may be evidence to the contrary, we cannot weigh it or determine the credibility of the witnesses. *Robinson & Co.* v. *Hathaway* (1898), 150 Ind. 679.

There was evidence fairly tending to sustain said finding, but if the claim was not so presented it was a matter of

3. defense. This defense was not pleaded. *Board, etc.,* v. *Tichenor* (1891), 129 Ind. 562; *Bass Foundry, etc., Works* v. *Board, etc.* (1888), 115 Ind. 234.

The next reason for a new trial is in admitting in evidence the exhibits one to nine, inclusive, over the objection of the defendant, for the reason that said exhibits

4. and each of them were self-serving declarations that were not properly sworn to as provided by law.

This reason is joint and it must be good as to each and all of said exhibits or it fails. Exhibit number two was received and acted upon by the defendant, and the amount therein reported as having been received by the plaintiff was, by the auditor of Hendricks county, charged against the plaintiff on account of his salary as sheriff. All but one of said exhibits are signed by appellee, and all but four are signed and sworn to. Appellant's objection to all of the exhibits, that they were merely self-serving declarations, cannot be maintained, because they are acknowledgments of money received by him.

Counsel for appellant, in the statement of the case, say, that while appellee was acting as sheriff he received from time to time out of the county treasury of said county, upon allowances in that behalf, $972 for his per diem attendance on the circuit court and the commissioners' court of said county, and reported the same in his quarterly reports filed with the auditor of said county, and that he voluntarily paid said sums into the county treasury, and the same were credited as a part of the salary allowed him by law. This may fairly be considered as an admission of the facts which the exhibits were introduced to prove.

The court did not err in overruling the motion for a new trial, and as to the other alleged errors the judgment is affirmed upon the authority of Board, etc., v. Crone, supra.