# HARRISON TOWNSHIP OF HENRY COUNTY ET AL. *v.* ADDISON.

[No. 21,955. Filed October 27, 1911.]

1. OFFICERS.—*Settlements.—Conclusiveness of.—Statutes.*—A settlement made by a township trustee with the prosecuting attorney and the judge, agreeing to pay an amount found due by an expert agreed upon, in consideration of the dismissal of criminal proceedings against him, is not governed by §6086 Burns 1908, §5811 R. S. 1881, providing that settlements between boards of commissioners and county, township and school officers shall not be conclusive. p. 395.

2. TRIAL.—*Special Findings.—Conclusions.*—Conclusions in special findings will be disregarded. p. 395.

3. OFFICERS.—*Settlement.—Duress.—Recovery of Money Paid under.—Special Findings.—Conclusions.*—In an action for the recovery of money alleged to have been paid under duress, special findings that at the time plaintiff was indicted there was "considerable agitation and excitement in the community and the public press concerning the same and said payment was made involuntarily and for the purpose of avoiding said prosecution," are conclusions and will not be considered. p. 396.

4. DURESS.—*Imprisonment.—Essentials.*—To free a transaction from the charge of duress of imprisonment it must appear that there was lawful authority for the arrest and that there was a just cause therefor and a proper purpose. p. 396.

5. DURESS.—*Imprisonment.—Cause.—Evidence.*—Evidence that a township trustee was indicted for embezzlement and that he failed on his final settlement to turn over $279.64 belonging to the township, shows a just cause for the prosecution, even though the court found defendant not guilty. p. 396.

6. CONTRACTS.—*Duress.—Elements.*—To avoid a contract for duress of imprisonment, defendant must show that the imprisonment was unlawful, or that he was unduly coerced while suffering a lawful imprisonment; and a proposal by defendant that he would pay whatever amount an expert agreed upon found to be due to the township if the prosecution against him would be dismissed, indicates that the prosecution was in good faith. p. 397.

7. CONTRACTS.—*Public Policy.—Compromising Criminal Prosecutions.*—Contracts for the compromise or settlement of criminal prosecutions are void, though made with the sanction of the judge at the trial; and money paid thereunder cannot be recovered. p. 398.

From Henry Circuit Court; *John W. Macy,* Special Judge.

Action by Milton Addison against Harrison Township of Henry County and another. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Reversed.*

*Fred C. Gause* and *Barnard & Jeffrey,* for appellants.
*Forkner & Forkner,* for appellee.

Cox, J.—This is an action brought by appellees against appellants for money had and received and on account. The issues formed were tried by the court without the intervention of a jury. The court made special findings of facts and stated its conclusion therefrom, that the law was with the appellee, and that he was entitled to recover from appellants the sum of $1.019.36. Judgment was rendered accordingly.

The one question presented by this appeal is whether the court drew the right conclusion of law from the facts found, which are, in substance, as follows: (1) That appellee was elected, and that he qualified, as trustee of Harrison township, and thereupon acted as such from November, 1900, to January 1, 1905. (2) That he made his annual settlements as required by law, and on December 31, 1904, he made his final settlement, which was approved by the township advisory board and was filed with the auditor of the

county, in which he showed the amount of money received by him, and that he had accounted for all the funds of the township. (3) That when he took the office the township was indebted to a bank on notes duly executed by his predecessor in the sum of $9,400; that as trustee he made payments from time to time on the principal and interest thereon, for part of which payments he received vouchers from the holder of the indebtedness, and for others he did not, but the latter were credited on the note representing the indebtedness; that at the close of his official term said indebtedness had been fully paid and satisfied, both interest and principal, except the sum of $3,500, and he executed a note of the township for said balance, and took up the original note and filed it with his last settlement as a voucher; that in one of his settlements, made shortly before the succeeding January distribution, there were not sufficient funds on hands to pay the disbursements made by him including his salary for the year, and in order to balance his accounts, and under the direction of the advisory board, he charged himself with the sum of $400, as received from other sources, in anticipation of the succeeding January distribution, intending to pay himself therefrom, and never took or received any credit counterbalancing such charge so made against himself, and that the township became indebted to him for said sum of $400 as money loaned; that in making his final settlement he claimed a credit on account of payments, made upon said indebtedness, to said bank, for which he had not taken special vouchers, and said loan amounting to $1,653; that upon a true accounting of the amount of said indebtedness at said bank appellee was entitled to $799.94 credit on account of payments, principal and interest, paid thereon, over and above and in excess of all credits taken in said settlement on account of payments therein aside from said $1,653, and that there was due to him, on account of said item of $400, the further sum of $400; that in said final settlement he was entitled to a

credit on the items in the sum of $1,199.94, instead of said sum of $1,653. (4) That in one of his said settlements he took credit for $240 paid for school teaching, whereas he in fact paid, and the voucher therefor showed that he had paid, $290, and that he was entitled to an additional credit of $50 on account of said payment in excess of the amount taken by him in his said settlement. (5) That in the year 1902, appellee was entitled to a salary for his services as said trustee in the sum of $550, as duly allowed by the advisory board of said township; that in making his account he failed and neglected to take credit for said salary, but that in making up his account he did receive credit for $426.60 that he was not entitled to, and that the township became and was indebted to him in the sum of $124.80, on account of the salary unpaid; that surcharging and falsifying the settlements and accounts of said trustee, and giving him proper credits for the items before stated at the time he made his final settlement, there was in fact due from him to the township the sum of $279.64. (6) That he had not intentionally converted any of the funds of said township, and that the errors in his accounts were errors of omission and miscalculation. (7) That on March 25, 1905, the grand jury of Henry county, Indiana, returned two indictments against him, charging him in each with the unlawful and felonious embezzlement, while in said office, of the sum of $1,000 of the funds of said township in his hands as said trustee; that he was arrested upon said indictment upon warrants issued thereon, and taken into custody by the sheriff of said county, and gave bond for his appearance, to avoid being imprisoned awaiting the trial of said causes; that he employed counsel in the defense of the case, and his counsel, protesting to the court that said defendant was not guilty of embezzlement, and that if there were any errors in his accounts he stood ready and willing to correct them, proposed in open court to the court, and to the prosecuting attorney, that the matter of his accounts be referred

to any disinterested accountant that the court might appoint; and if it was found that he owed the township anything he stood ready and willing to pay it, upon the discontinuance of said prosecution; that thereupon, with the knowledge and approval of the court, a formal written agreement was entered into, signed by the prosecuting attorney and the defendant, and filed in said prosecutions, agreeing that said accounts should be referred to Erie Morgan, an accountant, who should examine the accounts, hear the testimony of the parties, and report to the court the true statement thereof; that said Morgan thereafter reported to the court a deficit of $2,901.49; that appellee thereupon, by his counsel, excepted and objected to said report, and asked the court to review it; that the judge of the court thereupon took the report, and without hearing any evidence, and in the absence of and without the knowledge of appellee, determined that there was $1,150.95 due from him to said township, instead of said $2,900, and thereupon entered an order in said causes that, upon the payment by appellee to the clerk of the Henry Circuit Court of said sum of $1,150, the causes would stand dismissed; that a short time thereafter appellee appeared before the clerk of said court, and for the purpose of avoiding said prosecution paid into his hands the sum of $1,150.95, at the time stating to said clerk that he paid it under protest, and would bring suit to recover, and the clerk executed and delivered to him a receipt for said $1,150.95, stating in the body thereof that the sum was paid under protest; that after said payment the court entered the further order in said causes that, since it appeared to the satisfaction of the court that appellee had paid into the clerk's office said sum of money, said causes were ordered nollied and dismissed, and they were thereupon discontinued; that at the time of the finding of said indictments, and during the pendency thereof, there was considerable agitation and excitement in the community and in the public press concerning the subject, and said payment was

made involuntarily and for the purpose of avoiding prose-cution. (7½) That more than one year elapsed after the finding of said indictment and appellee's arrest before he paid said sum of $1,150.95 to the clerk, and during said time he had access to said accounts, papers and vouchers at his will. (8) That appellee, the prosecuting attorney and the Henry Circuit Court were the only parties to said pro-ceedings, and said township was not in any way a party thereto, and took no part therein, and was in noway affected thereby, other than that said funds were paid over to said township; that it received said funds, and thereafter this suit was brought to recover the money so paid over. (9) That deducting the sum due to said township from the ap-pellee—to wit, the sum of $279.64 from the $1,150.95 paid by him into the clerk's office for the use of said township— there was due to appellee from said township the sum of $871.31 with the interest thereon from April 2, 1906, in all the sum of $1,019.36.

This appeal is founded on the proposition that the facts specially found by the court show that the payment by ap-pellant of the sum over the amount shown to be actually due from him to the township was a voluntary payment, and therefore cannot be recovered. This proposition is sup-plemented by the additional one that appellee, in delaying his suit more than seventeen months after the removal of the alleged duress was guilty of laches, which would defeat his cause if originally well founded.

Appellee in an effort to sustain the judgment in his favor asserts, and through his counsel argues ably and at length, that there is express statutory authority for his action, and that the payment in question was involuntarily made under duress of imprisonment, and for that reason may be re-covered.

In order to sustain the claim of statutory authority for re-covering the money in question, it is argued by counsel for

appellee that it is the policy of the law of this State, established by the decisions of our courts, and the course of legislation, that whenever an officer has paid to the public money that he ought not to have paid, he may recover it; that no settlements of public officers are binding or conclusive either upon the public or the officer. Sections 6086, 6087, 9572 Burns 1908, §§5811, 5812, 5998 R. S. 1881, relating to settlements by boards of commissioners with county, township and school officers, are cited, and particularly said §6086, wherein it is provided that no such settlements shall be conclusive and binding on the State or county, and wherein the further provision is contained that when it shall be made to appear to the satisfaction of the board that through inadvertence, mistake or any other cause the officer has paid over to the county, or reported, settled or accounted for more money to such commissioners than was justly or equitably due or owing from such officer, the board is authorized to order repayment.

These provisions of the statutes, and the numerous decisions cited by counsel for appellee, in which a construction of them is more or less involved, have no direct bearing on the question involved in this case. They deal with the settlements provided for by law between the settling officer and some other officer or board charged with the duty of making or acting on the settlement in behalf of the public. The settlement in this case, if it may be properly so called, is not within the statute. Neither the township nor any officer of it was a party to it, nor was any other public officer upon whom rested any duty to make any settlement with appellee of his official affairs.

The question is, Did appellee make the payment of the sum sought to be recovered by him while his will to the contrary intent was overcome by duress? The answer to this question must be found in the facts, not in the conclusions of the court found in the spe-

cial findings. That part of the court's finding upon which
appellee relies greatly to show that the payment was
3. involuntary, "that at the time of the finding of said
indictments, and during the pendency thereof, there
was considerable agitation and excitement in the community
and in the public press concerning the subject, and said pay-
ment was made involuntarily and for the purpose of avoid-
ing said prosecution," cannot influence the decision of the
question. It does not appear whether the agitation and ex-
citement were against appellee or for him, and the state-
ment that the "payment was made involuntarily" is a con-
clusion that has no proper place in the finding of facts, and
can give no support to the facts found. *City of Indian-
apolis* v. *Kingsbury* (1885), 101 Ind. 200, 222, 51 Am. Rep.
749; *Sohn* v. *Cambern* (1886), 106 Ind. 302; *Gas Light, etc.,
Co.* v. *City of New Albany* (1894), 139 Ind. 660.

It may be conceded that the contention of counsel for ap-
pellee, that to free a transaction from the charge of duress
of imprisonment there must be lawful authority for
4. the arrest, a just cause and a proper purpose, is the
law in this State and applicable to this case, and still
it will not follow that the facts found make a case of duress
that will sustain appellee's action and the judgment ren-
dered in his favor on it. Counsel concede that the findings
show regular proceedings in the indictment and arrest of
appellee, and that there was lawful authority. There
5. is no fact found to show directly or by inference that
the cause of the prosecution was unjust, or that any
improper purpose was involved in it. Indeed, in the ab-
sence of facts to the contrary, the presumption must be in
favor of the justness of the cause and that the purpose of
the prosecution was to vindicate the law. That appellee was
short to the extent of $279.64, and failed to account in his
final settlement for that sum, as found by the court, would
clearly seem to be just cause for his indictment for embezzle-
ment under the provisions of §2284 Burns 1908, Acts 1905

p. 671, §391. The fact that the court in this case found that appellee was not guilty of embezzlement, does not show that there was not just cause for the prosecution.

Further, no improper purpose is discussed by the findings until appellee himself injected such purpose into the criminal prosecution, by the proposal to pay whatever a disinterested accountant might, upon examination of his transactions as a public officer, find that he owed the township, on the condition that the indictment against him should be dropped. Until this occurred there was no hint of oppression or coercion, of threat or suggestion, that he should pay anything. There was no hint of any attempt to influence the mind of appellee in the matter, except the fact of a prosecution in good faith, and that is not duress. When a party seeks to avoid a contract because of duress by imprisonment, it is not enough simply to show that he was imprisoned. He must go further and show that the imprisonment was unlawful, or if lawful, that while imprisoned he was subjected to some coercion that deprived him, in some respect, of his free agency. *Conant* v. *Kent* (1881), 130 Mass. 178; *Meacham* v. *Town of Newport* (1897), 70 Vt. 67, 39 Atl. 631; *Pflaum* v. *McClintock* (1889), 130 Pa. St. 369, 18 Atl. 734; *Spaulding* v. *Crawford* (1863), 27 Tex. 155; *Diller* v. *Johnson* (1872), 37 Tex. 47; *Lauda* v. *Obert* (1876), 45 Tex. 539, 547; *Bodine* v. *Morgan* (1883), 37 N. J. Eq. 426; *Comstock* v. *Tupper* (1878), 50 Vt. 596; *Feller* v. *Green* (1872), 26 Mich. 70; *Clark* v. *Turnbull* (1885), 47 N. J. L. 265, 54 Am. St. 157; *Mascolo* v. *Montesanto* (1891), 61 Conn. 50, 23 Atl. 714, 29 Am. St. 170; monographic note to *New Orleans, etc., R. Co.* v. *Louisiana Construction, etc., Co.* (1902), 94 Am. St. 395, 408; 30 Cyc. 1307; 10 Am. and Eng. Ency. Law (2d ed.) 323, 324, note 1; 1 Page, Contracts §247; 3 Elliott, Evidence §2181; 2 Greenleaf, Evidence (15th ed.) §302.

In the section of Greenleaf just cited it is said: "If the imprisonment was lawful, that is, if it were by virtue of

legal process, the plea is not supported, unless it appear that the arrest was upon process sued out maliciously and without probable cause; or that, while the party was under lawful arrest, unlawful force, constraint, or severity was inflicted upon him, by reason of which the instrument was executed.''

In this case appellee was lawfully charged with a crime and was under bond. He employed counsel and came into court with them, and voluntarily proposed to pay on condition that the indictments against him be *nolle prossed.* He suggested his own terms. When the accountant had reported the amount of his indebtedness, by which report he had voluntarily agreed to abide, he still was not satisfied, but asked the court to review it, and this was done to his advantage. There is no element of illegal duress in all this. Having suggested to and pressed upon the court and prosecuting attorney the agreement to settle on condition of being relieved of the prosecution for a felony, it does not lie with appellee to claim that he was coerced into making the payment he made to carry out that agreement.

We think another reason is evident for holding erroneous the conclusion of the trial court that the law was with appellee. The agreement in question, entered into between appellee and the prosecuting attorney, which was executed by the payment sought to be recovered in this case, was void as against public policy. As a general rule, a contract cannot be made the subject of an action if it be impeachable as being *contra bonos mores.* ''It is obviously detrimental to the interests of the public that the course of justice should be prevented; and upon that ground * * * it has been frequently ruled that agreements to compromise pending criminal prosecutions are illegal and void; and such an agreement cannot be enforced, even though it was entered into with the sanction of the judge at the trial of the proceedings to which it related.''

Broom, Legal Maxims (7th ed.) 557. See, also, 15 Am. and Eng. Ency. Law (2d ed.) 977, 978; 9 Cyc. 500-506.

The general rule that must obviously apply to this case is thus stated by Wilmot, C. J., in *Collins* v. *Blantern* (1767), 2 Wils. 341, 350; 1 Smith's Lead. Cas. (11th ed.) 370, 374: "Whoever is a party to an unlawful contract, if he hath once paid the money stipulated to be paid in pursuance thereof, he shall not have the help of a court to fetch it back again." See, also, *Crowell* v. *Gleason* (1833), 10 Me. 325; *Shattuck* v. *Watson* (1890), 53 Ark. 147, 13 S. W. 516, 7 L. R. A. 551; *Inhabitants of Worcester* v. *Eaton* (1814), 11 Mass. 368; *Winchester, etc., Light Co.* v. *Veal* (1896), 145 Ind. 506; 9 Cyc. 546.

The judgment is reversed, with instructions to the trial court to restate the conclusions of law in accordance with this opinion, and to render judgment accordingly.