ENSLEY v. BOARD OF COMMISSIONERS OF THE COUNTY OF MARION.

[No. 10,290. Filed April 30, 1920.]

1. TAXATION.—*Collection.*—*Duplicate Tax Payments.*—*Liability of County Treasurer for Interest.*—Where a county treasurer received from his predecessor a fund arising from duplicate and excessive tax payments, and received no interest thereon, and which fund his successor refused to receive, the county could not require him to pay interest on such fund. p. 247.

2. TAXATION.—*Accounting by Treasurer.*—*Right to Recover.*— Where a county treasurer paid to the county interest on a fund arising from duplicate and excessive tax payments, and

took a receipt expressly stating that the payment should not estop him to deny or dispute his liability or to recover the money so paid, he was not precluded from recovering such amount on the ground that payment was voluntary.    p. 247.

3.  TAXATION.—*Delinquent Taxes.—Collection.—Treasurer's Right to Commissions.—Statutes.*—Section 7334 Burns 1914, Acts 1895 p. 319, providing that the board of county commissioners shall in no case allow the county treasurer his salary until they are fully satisfied that all the laws requiring the treasurer to collect delinquent taxes have been fuly complied with, does not authorize the withholding of the commissions allowed him in addition to his salary under §7332 Burns 1914, Acts 1897 p. 171, on the collection of delinquent taxes, although he fails to collect penalties and interest on such taxes.    p. 247.

4.  TAXATION. — *Accounting by County Treasurer. — Voluntary Payment.—Right to Recover.—Statutes.*—The common-law rule that a party could not recover money paid upon an illegal demand, where he had knowledge of all the facts which rendered the demand illegal, unless payment was made upon some immediate or urgent necessity, or to release his person or property from detention, does not apply to the payment by the treasurer to the county of taxes collected, including amounts claimed as commissions for collection thereof, since in such a case §§6086, 10408 Burns 1914, §5811 R. S. 1881, Acts 1891 p. 199, requiring the county commissioners to refund to the county treasurer money paid to the county by reason of erroneous charges on the tax duplicate, or through inadvertence, mistake or any other cause, control.    (*Hines* v. *Board, etc.* [1884], 93 Ind. 266, and *Harrison Tp.* v. *Addison* [1911], 176 Ind. 389, distinguished.)    p. 248.

5.  TAXATION.—*Collection.—Taxes on Omitted Property.—Treasurer's Right to Commissions.*—Where property is omitted from the tax duplicates and not assessed, and is subsequently discovered and placed upon the tax duplicate by the county auditor, and taxes for prior years are collected by the county treasurer during the first payment period after they were levied, such taxes are not delinquent taxes for the collection of which the county treasurer is entitled to commissions under §7332 Burns 1914, Acts 1897 p. 171.    p. 250.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Oliver P. Ensley against the board of commissioners of the county of Marion.    From the judgment rendered, the plaintiff appeals.    *Affirmed in part* and *reversed in part.*

*Frank. S. Roby* and *Crane & McCabe,* for appellant.
*Emsley W. Johnson* and *McAdams & Jones,* for appellee.

REMY, P. J.—Action by appellant against appellee to recover from Marion county, with interest, certain sums of money, which, as claimed by appellant, were wrongfully and unlawfully collected from him by appellee. The trial was by the court, and, at appellant's request, the court filed a special finding of facts and stated its conclusions of law thereon. The facts found are identical with an agreed statement of facts signed and filed by the parties as the evidence in the cause. No question is made upon the pleadings, and, the parties being in agreement upon the facts, the only questions for our consideration are those arising upon the court's conclusions of law.

The facts found by the trial court are separated into eighteen parts, and are numbered from one to eighteen. It will not be necessary to set out the finding in full.

The material facts found are in substance as follows: Appellant was the duly elected, qualified and acting treasurer of Marion county from January 1, 1904, to January 1, 1908. After the expiration of his term of office, and on the dates hereinafter mentioned, demands were made upon appellant by appellee for certain sums of money claimed by appellee to have been unlawfully retained from moneys collected by him as county treasurer. These sums of money, in accordance with the settlements demanded of him by appellee, were paid to the county by appellant. Prior to the commencement of this action appellant filed against the county his claim, consisting of four items, together with a claim for interest thereon. For convenience we group the particular facts relative to each of such items.

(1) On May 17, 1909, as shown by finding No. 18 of

the trial court, appellee demanded from, and was paid by, appellant, the sum of $4,310.96 and $911.74, as interest thereon. The $4,310.96 consisted of a fund that had been received through duplicate payments of taxes made by various parties, and through other excess payments, and was held for the persons entitled thereto. Appellant had received such a fund from his predecessor and, at the expiration of his term of office, he tendered the fund to his successor, who refused to receive the same. The fund was not concealed, but was reported and entered upon the books of the county, and appellant received no interest on said fund, and made no profit thereon. At the time he paid said sum to appellee, with the interest, he took appellee's receipt therefor, in which receipt it was stipulated "that the payment of said sum shall not in any wise operate as, or in any way be deemed, held or considered as, an estoppel on the part of Ensley to deny or dispute his liability, * * * or his right hereafter to recover said sum or any item or part thereof under the law."

(2) As shown by finding No. 12, the Indiana Manufacturing Company had been charged with taxes on the tax duplicate, which taxes were on the duplicate continuously from 1900 to 1905, and nothing had been paid thereon, and it had been duly returned delinquent. In 1905, appellant collected from the company the taxes, as shown by the company to be due, in the total sum of $6,844.00, but did not collect the statutory penalty and interest, and upon his final settlement retained $410.68 as treasurer's commission for the collection of such delinquent taxes.

(3) During the four years of appellant's incumbency in office, as shown by finding No. 11, he collected taxes aggregating $6,033.04 on assessments regularly made and charged upon the tax duplicates of the respective years, which said taxes had remained unpaid after the

regular dates of payment in May and November, and
had thereafter been duly returned as delinquent; and
appellant had retained, at the times of the various set-
tlements, the aggregate sum of $361.98, the same being
six per cent. commission for the collection of these de-
linquent taxes. Appellant failed to collect penalties and
interest.

(4) During appellant's incumbency in office, he re-
tained, at the time of making his various settlements,
the aggregate sum of $19,104.51, claimed by appellant
as commissions for the collection of delinquent taxes.
During said four years, appellee had contracts with cer-
tain tax ferrets to discover and report omitted property
which the owners had omitted to list for taxation.
There was discovered and reported by such tax ferrets
property which the auditor assessed, and upon which
the auditor charged taxes to the amount of $330,123,
which taxes were placed upon the current tax dupli-
cates; and said $330,123 of taxes were collected by ap-
pellant as treasurer, for the collection of which he
retained the $19,104.51 as commissions. The property
so assessed and taxed was personal property which
should have been listed and assessed during years pre-
vious to the years when the same was assessed and the
taxes thereon collected; and the failure of the owners
to list said property had continued for one or more
years previous to its discovery, and the taxes so collected
by appellant were not collected nor paid until after the
first Monday of May of the year following the year for
which such property should have been listed and as-
sessed, but were paid within the current tax-paying
period after being placed upon the current duplicate.
Appellant did not collect interest or penalty on the vari-
ous items assessed by, and placed upon the duplicate by,
the auditor, and each item was collected without being
carried forward on the duplicate and returned delin-

quent. The omitted property reported to the auditor was reported with the particular year or years for which it should have been assessed, and the amount of taxes that should be collected and paid was determined by computation of the amount with reference to the amount, value and rate for each year in which the owner had failed to list the same.

The conclusions of law stated by the trial court are as follows:

(1) "That of the money paid by plaintiff to defendant on June 27, 1908, the defendant was not entitled to the sum of $410.68, as shown by the finding No. 12, and that the plaintiff should recover from the defendant said sum of $410.68, with interest thereon at the rate of six per cent. per annum, from June 27, 1908, to date.

(2) "That as to all the other items set out in the special finding herein, the plaintiff is not entitled to recover anything whatever, and that as to such items the law is with the defendant, and that the only item for which plaintiff is entitled to recover is the one set out in No. 1, of these conclusions of law, to wit, the sum of $410.68, with interest thereon at the rate of six per cent. per annum, from June 27, 1908, to date, and as to all other matters involved in this action and set forth in the special findings herein the law is with the defendant.

(3) "That the plaintiff should recover his costs herein taxed at $. . . . . . . . . . ."

Appellant relies for reversal upon the assignment that the court erred in its second conclusion of law. Appellee assigns as cross-error that the court erred in its first and third conclusions of law. We shall discuss the questions presented in the order in which we have grouped the special facts.

It is contended by appellant that he was not chargeable with interest on the $4,310.96 referred to in group No. 1, above; and that he is entitled to recover such

interest in the sum of $911.74, which was paid
1. to the county upon agreement, with the board of
commissioners that such payment by him
should in no way estop him from recovering the same,
if under the law he was entitled thereto. The facts
found afford no basis whatever for charging appellant
with interest, and completely exonerates him from any
effort to appropriate any part of the money.

The contention of appellee that the payment to the
county was voluntary is without merit. The payment
was made upon an express agreement that there
2. should be no estoppel, an agreement which the
parties had a right to make. Appellant, upon the
facts found, was therefore entitled to recover the
$911.74 paid to him, with interest thereon from May 17,
1909, the date of payment. It follows that the court
erred in its second conclusion of law as to such item.

We shall discuss the items referred to in groups Nos.
2 and 3 together. The $410.68 is claimed by appellant
as a commission, under §7332 Burns 1914, Acts
3. 1897 p. 171, for the collection from the Indiana
Manufacturing Company of taxes which had be-
come delinquent. The item of $361.98 is for the col-
lection of other taxes which had been returned
delinquent during the four years appellant held the of-
fice of treasurer of Marion county. The trial court held
that appellant was entitled to recover the item of
$410.68, but was not entitled to recover the item of
$361.98. There is no substantial difference in the char-
acter of these two claims. It appears from the facts
found that the taxes for the collection of which the
charges as represented by these two items were made
were regularly assessed and placed upon the tax dupli-
cates for the years for which such taxes were levied;
that they were not paid during the tax-paying period
of the following year, and had been returned as delin-

quent. Appellee concedes that, under the facts found, these taxes were delinquent, but asserts that appellant was not entitled to any commission under §7332 Burns 1914, *supra,* for the reason that he failed and neglected to collect penalties and interest on such taxes. In support of its contention that appellant cannot recover because he failed in each instance to collect penalties and interest, appellee cites §7334 Burns 1914, Acts 1895 p. 319, §121, which, among other things, provides that the board of commissioners "shall in no case allow the county treasurer his salary" until they are fully satisfied that all the laws "requiring the treasurer to collect delinquent taxes have been strictly complied with." It will be observed that the statute refers to the allowance of the treasurer's "salary," and not to his "commissions." The law only authorizes the withholding of "salary," and the treasurer's commissions, as stated in §7332, *supra,* of the statute, is "in addition to the salary."

A further contention of appellee is that appellant cannot recover these sums of money claimed as commissions for the reason that they were voluntarily

4.   paid to the county. At common law, a party could not recover money paid upon an illegal demand, where he had knowledge of all the facts which rendered the demand illegal, unless the payment was made upon some immediate or urgent necessity, or to release his person or property from detention; for such payment will be deemed to have been voluntarily made. *City of Indianapolis* v. *Vajen* (1887), 111 Ind. 240, 12 N. E. 311. This rule, which is the law in this state, is based upon the principle that one who, with all the facts before him, and without any fraud, oppression or imposition, decides his own case against himself, cannot afterwards appeal to the courts to reverse his own decision. *Ingalls* v. *Miller* (1889), 121 Ind. 188, 22 N.

E. 995. The common-law rule, however, does not control where a statute makes it the duty of the governmental agency to refund to a person money collected wrongfully or erroneously. *City of Indianapolis* v. *Vajen, supra; Board, etc.* v. *Crone* (1905), 36 Ind. App. 283, 75 N. E. 826; *Board, etc.* v. *Eaton* (1906), 38 Ind. App. 30, 77 N. E. 958. In the case at bar, the common-law rule has no application, appellant's action being governed by §§6086, 10408 Burns 1914; §5811 R. S. 1881, Acts 1891 p. 199, which sections of the statute provide that it shall be the duty of the board of county commissioners to refund to a county treasurer money which he has paid to such board "by reason of erroneous charges on the tax duplicate, or through inadvertence, mistake, or *any other cause.*" *Adams* v. *Board, etc.* (1874), 46 Ind. 454. The case of *Harrison Tp.* v. *Addison* (1911), 176 Ind. 389, 96 N. E. 146, cited by appellee is not in point. That was an action to recover money paid by a township trustee to a prosecuting attorney. The trustee was under indictment, and the money was paid to the clerk of the court where the prosecution was pending. The court rightly held in that case that the transaction between the defendant and the prosecuting attorney in a criminal case did not constitute a settlement within the terms of §6086, *supra.* In the instant case, the board of commissioners of Marion county was dealing with a former treasurer, and was acting within the powers conferred upon it by the statute, which powers include the power "to allow all accounts chargeable against said county," and "to audit the accounts of all officers having the care and custody of any moneys belonging to the county or appropriated for its benefit." §5985 Burns 1914, §5745 R. S. 1881. In the case of *Hines* v. *Board, etc.* (1884), 93 Ind. 266, the court did not consider the statute here in question, and, of course, made no decision relative thereto.

It follows that the trial court was right in concluding that appellant was entitled to recover the item of $410.68, with interest thereon at the rate of six per cent. per annum from June 27, 1908, but that the court erred in holding that appellant could not recover the item of $361.98. The conclusion upon the facts found should have been that appellant was entitled to recover the $361.81, with interest at the rate of six per cent. from June 27, 1908.

The remaining question is as to the right of appellant to recover the $19,104.51, referred to in group four of the facts above set out. The question presented 5. may be stated as follows: Where property is omitted from the tax duplicates, and not assessed for several years, and is then discovered, placed upon the tax duplicate by the county auditor, and the taxes for the several preceding years are collected by the county treasurer, the same as current taxes for the year in which such omitted property was so listed for taxation, is the county treasurer entitled to retain six per cent. of the amount so collected, under the provisions of §7332 Burns 1914, *supra*? If the taxes so placed upon the tax duplicates are "delinquent taxes," it follows that, under §7332, *supra,* which directs that the treasurer shall be allowed "a commission of six per cent. on all delinquent taxes collected by him," appellant would be entitled to recover the $19,104.51, with interest. The question, however, has been decided adversely to appellant's contention by the Supreme Court of this state. *Gallup, Exr.,* v. *Schmidt* (1900), 154 Ind. 196, 56 N. E. 443; *Cook* v. *Board, etc.* (1911), 175 Ind. 218, 92 N. E. 876, 93 N. E. 995. The trial court rightly concluded that appellant could not recover the item of $19,104.51.

The judgment is affirmed in part and reversed in part, with instructions to restate the conclusions of law in accordance with the foregoing opinion, viz.: that the

law is with appellant as to all the following items sued for by him, viz.: items for $911.74, $410.68 and $361.98, and that he is entitled to recover the same with interest thereon; that as to item for $19,104.51, the law is against the plaintiff. Costs of appeal is adjudged against appellee.