Hon. JAMES BARRETT,
Hon. TIMOTHY P. REDFIELD,
Hon. H. HENRY POWERS,
Hon. WALTER C. DUNTON,
} ASSISTANT JUDGES.

---

### CHARLES COMSTOCK *v.* A. P. TUPPER.

#### *Voluntary Payment.*

Money voluntarily paid in discharge of a claim made upon the payor, or to buy off from and quiet a criminal prosecution to which he is exposed, cannot be recovered.

GENERAL ASSUMPSIT. Trial by the court, December Term, 1874, PIERPOINT, C. J., presiding.

Plaintiff's evidence showed that in the fall of 1869 he heard that an effort was about to be made to arrest him for illegally selling intoxicating liquor, and that he went away from home and did not return till the next spring; that soon after his return he sent one Dano to see the state's attorney, with a view of settling the matter, but that Dano did not see the attorney, but called on defendant, who, he had learned, had drawn a complaint and war-

Comstock *v.* Tupper.

rant against plaintiff, and that defendant told him he could settle it as well as the attorney, and would for $25, and that Dano communicated this to plaintiff.

It appeared that in the night of the same day, plaintiff went with Dano to defendant's house and effected a settlement, defendant agreeing to take $25.65; that plaintiff paid defendant $23 at that time, and the balance shortly afterwards; that no complaint nor warrant had at that time been served on plaintiff, nor had there been any record of any fine against him, nor was any justice of the peace then present, nor anything said about a fine.

Defendant testified that he was an attorney residing in East Middlebury; that he was employed by the town grand juror or the state's attorney to prosecute plaintiff for selling liquor; that in the fall of 1869 he issued a complaint and warrant against plaintiff, but they were not served; that at the time Dano and plaintiff came to him, another complaint had been drawn, but was never served; that he had the impression that when the last payment was made a justice was present, and that a record of a fine for two first offences was entered, and costs on two complaints. Neither of the complaints nor any of the papers were produced.

It was conceded by defendant that he kept the money so paid him, from the spring of 1870 till the fall of 1874, when he paid it to the county clerk.

It appeared from plaintiff's evidence that previous to the payment of the money to the county clerk, it was demanded of defendant by plaintiff's attorneys, and that defendant promised to pay it to plaintiff if he could find no record of judgment; and that the money not having been paid, this suit was brought to recover it.

From this evidence the court failed to find that there was any judgment against the plaintiff, or any legal proceedings upon which to base a right in the defendant to receive the money; but found that both parties understood that the money was paid to save plaintiff from prosecution by defendant for a violation of law in selling intoxicating liquor; that the proceedings on the part of both plaintiff and defendant were illegal; but that the money having been paid by plaintiff to purchase his peace, he was not entitled

to recover it, and rendered judgment for the defendant; to which plaintiff excepted.

*Slade & Harris*, for the plaintiff.

Money paid under a mistake of fact may be recovered back. 2 Smith Lead. Cas. 328, *et seq.*, and cases there cited.

So, if money is illegally exacted, or obtained by taking undue advantage, it can be recovered back, as such a payment is not voluntary. *Fry* v. *Lockwood*, 4 Conn. 454; 2 Smith Lead. Cas. 329; *Citizens Bank of Baltimore* v. *Grafflin*, 1 Am. Rep. 66; *Sartwell* v. *Horton*, 28 Vt. 370; *Hinsdill* v. *White*, 34 Vt. 558.

The parties are not "*in pari delicto.*"

As the defendant did not receive the money in an official capacity, a demand having been made upon him for the money by the plaintiff before he so appropriated it, the plaintiff can recover it back. *Taylor* v. *Lendey*, 9 East, 49.

*A. P. Tupper* and *L. D. Eldridge*, for the defendant.

The court finds that the parties are *in pari delicto.* The court will not lend its aid to a party who founds his cause of action upon an illegal act. Chit. Con. 500, 514; *Hinsdill* v. *White*, 34 Vt. 563; *Foote & Stowe* v. *Emmerson*, 10 Vt. 344; *Hinesburg* v. *Sumner*, 9 Vt. 23; *Mattocks* v. *Owen*, 5 Vt. 42; *Badger* v. *Williams*, 1 D. Chip. 137; cases cited in *Adams* v. *Gay*, 19 Vt. 358; *Bowen* v. *Buck*, 28 Vt. 308; *Smith* v. *Pinney*, 32 Vt. 282.

The opinion of the court was delivered by

BARRETT, J. This must be regarded either as a voluntary payment in satisfaction and discharge of a claim made upon the plaintiff, or to buy off from and quiet a criminal prosecution to which he was exposed. Nothing in the character of extortion or duress is shown that relieves the transaction from the character, or the plaintiff from the position, which we assign to them as above. This being so, plaintiff cannot have the money back by action. See books and cases *passim.*

Judgment affirmed.