[No. 7332.]

## Poydak v. O'Connor.

Deceit—*Money Had and Received*—A father, in order to sup-
press a prosecution against his minor son for the crime of forgery,
stipulates with the deputy district attorney that the son shall plead
guilty to a charge of petty larceny and submit to a fine of one hundred
dollars, besides the costs.   No misrepresentation, mis-statement or
threat is made by the attorney.   The father is free to exercise his in-
dependent judgment.   The father pays the costs and the fine.   He is
not to rcover .the amount, even though no charge of petty larceny was
ever preferred against the son, neither the son nor the district attor-
ney were in the justice's office when the fine was imposed, all that was
done was pursuant to a conversation by telephone between the attorney
and the justice, the fine as imposed, owing to a mistake  of the justice,
was five dollars, and the amount was changed without notice to the
accused or the father.

*Error. to Boulder County Court.*—Hon. E. J. Ingram,
Judge.

Messrs. Miller, Barnd & Affolter and Mr. E. L.
Williams, for plaintiff in error.

Mr. Charles B. Ward and Mr. Harold P, Martin, for
defendant in error.

Mr. Justice Hill delivered the opinion of the court:

The plaintiff in error instituted this action in a justice's
court to recover from the defendant in error a certain sum
claimed to have been obtained from him under a mistake of
facts, and alleged misrepresentations made by the defendant.
Judgment was for the defendant.   Upon appeal to the county
court the trial was to the court, where a judgment was again
entered in his favor; the plaintiff brings the case here for re-
view upon error.

While there is some conflict in the testimony it discloses,
that on or about June 29th, 1909, a complaint was filed before
a justice of the peace in Boulder county charging one George

Poydak, Jr., a son of the plaintiff, with the crime of forgery; that he was arrested, brought before the justice, entered a plea of not guilty and the cause was continued until July 10th following; that about the 5th of July the plaintiff came to the office of the defendant, who was the deputy district attorney for Boulder county, and solicited him as such officer to dismiss or make a settlement of the case, advising him that the complaining witness' bank had been paid the amount of its loss, and did not desire to prosecute; that the defendant declined to allow the son to go free without any punishment, but but after some further conversation and explanation, agreed to dismiss the charge of forgery, and to accept a plea of guilty of petty larceny in lieu thereof, provided the accused, or the plaintiff for him, would pay a fine of $100 and costs; that during the negotiations the defendant telephoned the justice and sheriff asking what their costs were; that the amounts were ascertained to be $11.25; that the plaintiff agreed to the proposition and paid the defendant the amount of the costs as furnished by the justice and sheriff, and went out to secure the money with which to pay the fine, returning shortly thereafter with the $100, which he paid to the defendant in harmony with their agreement; that thereafter the defendant telephoned the justice the result of this settlement, and testified that he instructed the justice by reason of this agreement to change the charge against the young man to petty larceny, and to enter a plea of guilty for him and to assess a fine of $95 with costs. The justice testified to the conversation over the telephone the same as the defendant, except that he understood the attorney to say, that the amount of the fine was to be $5 and entered it accordingly. The defendant mailed to the justice a check for $16.25 and thereafter, on July 31st, following, rendered his report in writing for that month to the board of county commissioners which showed the collections as above stated, including disbursements $16.25 as costs paid to the justice in this case, which included $5 as the district attorney's fee, and the $95 was remitted by the deputy to the county commissioners

with other sums included in his report. Thereafter, upon ascertaining the condition of the justice's docket the defendant had him change or correct it, making it read a fine of $95 instead of $5. It will be observed that the fine was ultimately made $5 less than the agreement provided for. This appears to have been brought about when in figuring the cost by omitting the district attorney's fee of $5, and by thereafter including it in the amount of costs and paying it out of the total, making the fine the amount of the balance, viz., $95 instead of the $100 as the deputy had stated to the plaintiff it would be.

It is claimed that it was prejudicial error to allow the justice to testify as to the reasons why, and circumstances under which, he rendered his judgment for petty larceny and thereafter in changing his docket making the fine read $95 instead of $5.

Neither this plaintiff, the defendant (who was the deputy district attorney) nor the accused was present in the justice's court when the original fine was pronounced, nor when the change was made in the amount. No complaint had ever been made against the accused charging him with petty larceny, and while this modern system of administering justice by agreement over the telephone in the absence from the court of the district attorney, the witnesses and the accused, may have its advantages in the way of promptly dispatching such business, it is hardly such as is contemplated by statute and might be subject to legal objection. Without passing upon the validity of all the proceedings in the justice's court, starting with the telephone conversation between the attorney and the justice as to what the latter should do, which was after the money had been paid to the defendant, for the purposes of this case, we will assume that they were all void. This makes all evidence pertaining to them harmless.

The trial court found, that this money was paid to the defendant under no mistake of fact whatever; that it was paid to be applied according to the agreement; that at that time no fine had been assessed against Poydak, Jr., of which fact the

plaintiff well knew; that the money was voluntarily paid under an understanding that it should be applied to the payment of a fine and costs, with the understanding that the forgery charge should be dismissed; that the matter was fairly submitted to the plaintiff, and in making his decision there was nothing to prevent the free exercise of his will; that this money was paid as a fine and in such cases it would ultimately reach the county treasurer; that it did so although not through the regular channels; that it reached this depository before demand was made or suit instituted; that it was paid by plaintiff to defendant with the clear understanding of the facts; that the defendant received it in good conscience, and fairly carried out all that he had agreed to perform; that the object sought by plaintiff was accomplished. There is evidence to sustain these findings. The question then is, whether, under such circumstances the plaintiff can thereafter successfully maintain his suit against the deputy district attorney for the amount thus voluntarily paid in excess of the amount of the pretended fine first entered by the justice. According to the weight of authority, the answer must be in the negative.— *Houtz v. Board of Commissioners,* 70 Pac. (Wyo.) 840; *Comstock v. Tupper,* 50 Vt. 596; *Elston et al. v. City of Chicago,* 40 Ill. 514; *Bailey v. Incorporated Town of Paulina,* 29 N. W. (Ia.) 418.

The judgment is affirmed.                    *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.